PER CURIAM.
The appellant was charged with the crime of rape. He was admitted to a mentally disordered sexual offender program, pursuant to § 917.19, Fla.Stat. Following completion of the program, he was returned to face the criminal charges, pursuant to § 917.20 Fla.Stat., whereupon he entered a plea of guilty. After extensive hearing and examination of the records before him, the trial judge sentenced the defendant to life. He appeals and contends that this is an illegal sentence because of the following two reasons: (1) That in imposing sentence, *805 the trial court abused its discretion in failing to consider § 921.18, Fla.Stat. as a possible alternative sentence. (2) The life, sentence imposed, following the appellant’s rehabilitation, constituted cruel and unusual punishment in violation of the 8th Amendment to the Constitution of the United States and Art. I, Section 17 of the Constitution of Florida.
We find neither of these to have merit; the sentence was a legal one. Appellate courts of Florida are only authorized to reverse a sentence when it is an illegal sentence. See: Chavigny v. State, Fla.App.1959, 112 So.2d 910; Infante v. State, Fla.App.1967, 197 So.2d 542; Weathington v. State, Fla.App.1972, 262 So.2d 724; Cole v. State, Fla.App. 1972, 262 So.2d 902; Wilkinson v. State, Fla.App.1975, 322 So.2d 620. There is nothing in this record to show the trial judge did not exercise his discretion in imposing the sentence, which was a legal sentence under the statute; it was in conformity with § 917.20, Fla.Stat., supra, which recognized that following successful completion of a rehabilitative program the sex offender would be returned to face the criminal charges and thereby would be subject, upon conviction, to appropriate sentence in accordance with the crime charged.
Counsel has also pointed out that the trial judge may not have been aware that he could have sentenced the appellant to an indeterminate sentence, pursuant to § 921.18, Fla.Stat. It is not clear from the record whether this is the actual case. However, if it is, this is a matter that may be corrected by the trial court upon a motion to mitigate filed subsequent to the mandate of this court, pursuant to Rule 3.800 (b), RCrP.
Therefore, the final judgment and sentence here under review be and the same is hereby affirmed.
Affirmed.