464 So.2d 195 (1985)
The STATE of Florida, Appellant,
v.
Nathaniel DAVIS, Appellee.
No. 83-2823.
District Court of Appeal of Florida, Third District.
February 12, 1985.
Rehearing Denied March 20, 1985.
*196 Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robin H. Greene, Asst. Public Defender, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
The State of Florida seeks review of a sentence imposed by the trial court which was substantially below the guidelines' recommended range under section 921.001(5), Florida Statutes (1983). We agree with the state's position and, for the reasons which follow, reverse and remand with directions.[1]
The essential facts which give rise to this appeal are as follows. Davis was caught red-handed by the police in a parking lot trying to break into a car. He was charged with attempted burglary of a conveyance and unlawful possession of a tool for use in a burglary or trespass. The state submitted a sentencing guideline score sheet with a total score of 78 points (the defendant had a substantial prior criminal history), which under the guidelines requires a sentence of three years in the state penitentiary. The state and the defendant entered into plea negotiations, the culmination of which was an offer by the state of one year of jail time, either as a condition of probation or as straight time. Characterizing the defendant as too stupid to warrant a year in the state penitentiary and the crime as too insignificant to warrant more than 90 days, the trial court, over the state's objection, offered Davis a plea of no contest with a sentence of 90 days and credit for all time previously served.
Although one might sympathize with a busy trial judge who has multiple cases to dispose of, each more serious than the next, the state, too, is entitled to its day in court. Prior to the establishment of sentencing guidelines, a trial court could accept a guilty or no contest plea from a defendant and proceed to sentence without interference by the state. Unlike the federal courts, Fed.R.Crim.P. 11(e)(1) (plea bargaining by judge prohibited), state court judges have traditionally enjoyed wide discretion in their plea bargaining practices, see Davis v. State, 308 So.2d 27, 29 (Fla. 1975) (recognizing practice of judicial plea discussions and characterizing it as "delicate," citing Barker v. State, 259 So.2d 200, 203 (Fla. 2d DCA 1972)) and sentencing practices, appellate review being limited to unlawful sentences, see Langdon v. State, 330 So.2d 804, 805 (Fla. 3d DCA 1976). Since the passage of sections 921.001, .005, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701, trial courts no longer enjoy this vast discretion. The de minimis nature of the crime and the defendant's lack of intellectual capacity are not a sufficient basis within the meaning of rule 3.701 d.11 to deviate from the sentencing guidelines. This is so notwithstanding the fact that the state agrees to a deviation below the guidelines within the context of a plea bargain. We accordingly reverse the trial court and remand with directions to vacate the sentence previously imposed and permit the defendant to withdraw his plea, *197 if he so chooses. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Reversed and remanded with directions.
NOTES
[1] Since we address the merits, we do not reach the state's alternative argument regarding the lack of a written statement required by Florida Rule of Criminal Procedure 3.701 b.6. See State v. Williams, 463 So.2d 525, 526 n. 2 (Fla. 3d DCA 1985) (denying appellee's motion to dismiss, establishing that an appeal preceding the filing of a written statement is premature, and declining to decide whether a filed transcript fulfills the requirement of a written statement), released this same day.