480 So.2d 711 (1986)
STATE of Florida, Appellant,
v.
Eric James MIHOCIK, Appellee.
No. 85-711.
District Court of Appeal of Florida, Fifth District.
January 2, 1986.
Jim Smith, Atty. Gen., Tallahassee and Kevin K. Carson, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellee.
COWART, Judge.
This is another guideline sentencing case. The trial court imposed a sentence that departed downward from the recommended guideline sentence for the reason that the defendant was only eighteen years old and his prior criminal activity had resulted in probation from the county court.
*712 The defendant's prior criminal record is a factor to be scored in a guideline scoresheet and cannot be used as a reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Similarly, if the defendant was on probation at the time of the commission of an offense for which he is being sentenced, the probation should be factored in the scoresheet as a legal constraint at time of offense or if the probation is revoked and sentencing occurred after July 1, 1984, that should be factored under Florida Rule of Criminal Procedure 3.701(d)(14). While the youth of a defendant in a given case may constitute a clear and convincing reason for downward departure, see State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985); State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985), in this case it is combined with an impermissible reason so the sentence must be vacated for the reasons set forth in Albritton v. State, 476 So.2d 158 (Fla. 1985). See DeVane v. State, 479 So.2d 137 (Fla. 5th DCA 1985); Cord v. State, 478 So.2d 1191 (Fla. 5th DCA 1985); Hall v. State, 78 So.2d 519 (Fla. 5th DCA 1985); Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); Bentley v. State, 477 So.2d 58 (Fla. 5th DCA 1985); Holt v. State, 477 So.2d 59 (Fla. 5th DCA 1985).
The sentence is vacated and the cause remanded for resentencing after preparation of a correct guideline scoresheet.
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH and ORFINGER, JJ., concur.