481 So.2d 1303 (1986)
The STATE of Florida, Appellant,
v.
Daniel VILLALOVO a/K/a Daniel Laso, Appellee.
No. 84-2554.
District Court of Appeal of Florida, Third District.
January 28, 1986.
Jim Smith, Atty. Gen., and Jacki B. Geartner and Steven Scott, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
This is a state appeal from a downward departure from the sentencing guidelines. Because of the defendant's prior record, the recommended sentence for his possession of one-half gram of cocaine was 22-27 years, subject to the five year statutory maximum. §§ 893.13(1)(e), 775.082, Fla. Stat. (1983). The trial judge placed Villalovo on five years probation subject to a condition of eighteen months community control. We think it clear that the reasons indicated by the trial court, including the small amount of contraband involved, Irwin v. State, 479 So.2d 153 (Fla.2d DCA 1985), and the fact that the defendant was "mildly retarded" and suffered from "central nervous disfunction,"[1]Steiner v. State, 469 So.2d 179 (Fla.3d DCA 1985); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986), are appropriate bases for departure.[2] Since we find no abuse of discretion in the extent of the deviation, Albritton *1304 v. State, 476 So.2d 158 (Fla. 1985), the sentence under review is
Affirmed.
NOTES
[1] These conclusions, which were the result of psychological testing of the defendant, are quite obviously to be distinguished from the trial judge's seat-of-the-pants characterization of the defendant in State v. Davis, 464 So.2d 195 (Fla.3d DCA 1985) as "too stupid" to warrant a year in prison.
[2] Indeed, the prosecution inferentially conceded that a departure was justified by recommending a five-year sentence when it incorrectly believed that the offense was a second degree felony with a fifteen year maximum penalty.