PER CURIAM.
The State appeals from Govan’s sentence in which the trial judge departed downward from the recommended guidelines sentence. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(J).
The reasons that the trial judge relied on for his departure sentence were: “health of defendant and his wife in question.” We conclude that the above reasons are not “clear and convincing” reasons to depart from the guidelines sentence under Florida Rule of Criminal Procedure 3.701(d)(11) because they are facially ambiguous, and because they fail to relate to any identified fact in the context of the case. Jefferson v. State, 489 So.2d 860 (Fla. 1st DCA 1986); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). Cf. Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985), approved, State v. Boynton, 478 So.2d 351 (Fla.1985), cert. denied, — U.S. —, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986) (court similarly un *303 able to determine whether reasons for departure offered by the trial court were permissible or impermissible). We expressly reserve decision on the issues of whether the health of a defendant, or of a defendant’s spouse, might serve as clear and convincing reasons for departure until such time as these issues are properly presented for appellate review. Cf. State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986).
REVERSED AND REMANDED.
LETTS and GUNTHER, JJ., and PO-LEN, MARK E., Associate Judge, concur.