503 So.2d 1001 (1987)
STATE of Florida, Appellant,
v.
Larry Lee NORTHERN, Appellee.
No. 4-86-1459.
District Court of Appeal of Florida, Fourth District.
March 18, 1987.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellee, Larry Lee Northern, was convicted by a jury for the sale of cocaine in violation of section 893.13(1)(a), Florida Statutes, a second degree felony. At sentencing, the state and the defense agreed that the recommended sentence range on the scoresheet was twelve to thirty months' incarceration or community control. The trial judge elected to depart downward from the guidelines range and sentenced Northern to six months in the county jail, and the state has appealed.
Northern had three prior convictions on drug related crimes that were factored into the scoresheet as a misdemeanor, a second degree felony, and a third degree felony. The primary offense involved here was the sale of $10 worth of cocaine, a second degree felony. Although Northern had been offered a plea bargain of six months in the county jail, he maintained his innocence and submitted his case to a jury.
*1002 As grounds for departing from the guidelines, the trial judge stated that the downward departure was justified because 1) the sale was for only $10, 2) appellant's previous record was factored into the scorecard, and 3) defendant could have pleaded guilty in Belle Glade and received six months in the county jail, but he refused to do so because he maintained he was innocent and would stand trial. The sole point on appeal is the trial court's downward departure from the sentencing guidelines.
The first ground relied upon by the court, the minimal amount of contraband involved, has been held by this court in State v. Pina, 487 So.2d 351 (Fla. 4th DCA 1986), to be a clear and convincing reason for departure. The reason therefor is succinctly stated in Mitchell v. State, 458 So.2d 10, 11 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla. 1985), disapproved on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla. 1986), wherein the court said:
Mitchell was in possession of an entire bale of marijuana. That, in itself, was reason enough to depart from the guidelines sentence. Mitchell was charged and convicted of possession of more than 20 grams of cannabis, a third degree felony punishable by a maximum term of five years imprisonment. A person who possesses 21 grams is guilty of the same statutory offense as one who possesses 100 pounds. Notably, the sentencing guidelines make no distinction between the two. In other words, the guidelines sentence in such cases do not reflect the "aggravation" present in a given case by reason of the large quantity of cannabis possessed by the defendant.
Prior to the recent advent of sentencing guidelines, one of the most important factors commonly considered by the sentencing judge in the determination of an appropriate sentence was the quantity of marijuana possessed by the defendant. We have no difficulty in finding that a large quantity of cannabis, such as that involved in the instant case, is a clear and convincing reason for departing from the guidelines. This is a "factor relating to the instant offense" for which the defendant has been convicted and is thus not violative of Rule 3.701(d)(11). [Footnote omitted.]
See also Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986); State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986).
The court's second reason for departure was the fact that, although Northern had several prior drug related convictions, he had served his time for them and to factor them in to this sentence would be tantamount to "repunishing" him. This was an invalid reason for departure because merely paying the penalty for a prior crime does not eliminate it from consideration in the guidelines scheme of things. It is not a valid reason for departure upward, State v. Mischler, 488 So.2d 523 (Fla. 1986), nor is it any more reason for departure downward.
Finally, the court felt that Northern's exercise of his constitutional right to go to trial rather than plead guilty and receive a possible county jail sentence should be considered and that it justified a downward departure to a sentence of six months in the county jail. This reasoning is specifically condemned in Mischler as grounds for an upward departure and we hold it is just as improper as a reason for a downward departure.
We cannot say for sure what sentence the trial judge would have rendered absent the second and third grounds relied upon. Thus, under Albritton v. State, 476 So.2d 158 (Fla. 1985), we cannot say the error was harmless. Accordingly, the sentence is reversed and the cause is remanded to the trial court for resentencing.
ANSTEAD, J., concurs.
GLICKSTEIN, J., concurs with result.