512 So.2d 1116 (1987)
The STATE of Florida, Appellant,
v.
Lawrence JOHNSON, Appellee.
No. 86-2397.
District Court of Appeal of Florida, Third District.
September 22, 1987.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellant.
Stauber & Galanter, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
The State of Florida appeals the trial court's downward departure from the sentencing guidelines in sentencing Johnson to two and a half years' imprisonment. We reverse.
The trial court imposed the sentence in exchange for Johnson's plea of guilty to three burglary-related charges. The sentencing guidelines' recommended sentence was seven to nine years. The state had offered Johnson five years and objected to the sentence imposed by the court. The reasons given by the trial court for its downward departure were that the value of the goods stolen, $1,100, was minimal, that the defendant, by pleading guilty, had indicated his willingness to become rehabilitated, and that the defendant was a passive participant in the crime.
As this court noted in State v. Davis, 464 So.2d 195 (Fla. 3d DCA 1985), before the sentencing guidelines became law a trial judge had wide discretion in accepting a guilty or no contest plea in exchange for a diminished sentence. 464 So.2d at 196. While a plea bargain between *1117 the state and a defendant is a valid reason for departure from the guidelines, State v. Esbenshade, 493 So.2d 487, 488 (Fla. 2d DCA 1986); State v. Collins, 482 So.2d 388, 389 (Fla. 5th DCA 1985), a trial court is no longer free to offer a plea bargain which is below the sentencing guidelines, over the state's objection, unless the court provides clear and convincing reasons for its departure. See Davis, 464 So.2d at 196; see also State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985) (sentence imposed in accordance with court's plea offer, over state's objection, and below guidelines' recommended sentence improper where not supported by clear and convincing reasons for departure). If the "departure" sentence is one to which the state did not agree, it is as though no plea bargain had occurred, and the court must justify its departure. We reverse because the reasons given by the court in the instant case do not justify departure.
The trial court's downward departure based upon its assessment that the stolen typewriter was of minimal value is completely unfounded. We are hard pressed to understand how property valued at $1,100 can be considered to be of minimal value. This case is entirely distinguishable from State v. Pina, 487 So.2d 351 (Fla. 4th DCA 1986), where the Fourth District Court of Appeal upheld the trial court's downward departure from the sentencing guidelines on the basis that the value of the property stolen was only $145. The court reasoned that because the value of the stolen property was near the threshold value for the crime charged, and the crime was the same whether the value was $100 or $20,000, the departure was proper. 487 So.2d at 352. The same reasoning is obviously unavailing here where the threshold value for the crime is $100, see § 812.014(2)(b)(1), Fla. Stat. (1985), and the value of the property stolen is $1,100. In addition, the defendant was apprehended while attempting to venture further into the office building. There is no indication that he did not plan to steal additional items.
The defendant's willingness to plead guilty to the crimes is also not a clear and convincing reason for downward departure. Scott v. State, 469 So.2d 865, 866 (Fla. 1st DCA 1985); Collins, 482 So.2d at 389; Cf. State v. Northern, 503 So.2d 1001 (Fla. 4th DCA 1987) (defendant's refusal to plead guilty, opting instead to exercise right to trial, is not a valid reason for downward departure from sentencing guidelines); Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985) (defendant's refusal to acknowledge guilt, even after jury returned guilty verdict, not valid reason for departing from sentencing guidelines). Consequently, the trial court's second reason for departure is also not valid.
Although we doubt whether a defendant's passivity constitutes a clear and convincing reason for downward departure, we do not reach this question because the trial court's finding that Johnson was a passive participant in this crime is plainly unsupported by the record. See State v. Mischler, 488 So.2d 523 (Fla. 1986). The defendant was observed hurling a cement block through the glass door of an office building and was apprehended, a short while later, while venturing further into the building, after having already stolen a typewriter. Based upon Johnson's actions, he cannot be described as a mere passive participant in the crime.
None of the reasons provided by the trial court warrant departure. Accordingly, we reverse and remand with directions to the trial court to vacate the sentence and permit the defendant to withdraw his plea if he so chooses. See Davis, 464 So.2d at 195; Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).