515 So.2d 333 (1987)
The STATE of Florida, Appellant,
v.
Daniel Matthew MYERS, Appellee.
No. 86-3183.
District Court of Appeal of Florida, Third District.
November 10, 1987.
*334 Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellant.
Michael J. Knowles, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
PER CURIAM.
The state seeks reversal of the sentence imposed on Daniel Myers for burglary of a dwelling and petit theft. It argues that the court's imposition of 364 days in the Dade County Jail and two years of community control instead of the guidelines recommended sentence of five and one half years to seven years of incarceration is not supported by clear and convincing reasons. We agree.
The trial court gave as reasons for departure:
1. YOUTH
The youth of a defendant may be a clear and convincing reason to depart downwards from the sentencing guidelines. State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986). DANIEL MYERS is 18 years old. This is his first experience in the adult justice system.
2. DIMINISHED MENTAL CAPACITY
Appellate courts have ruled that diminished mental capacity and organic dysfunction are appropriate bases to depart downward. State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986). DANIEL MYERS is functionally illiterate and dyslexic. He clearly has a severely diminished mental capacity.
3. MINIMAL VALUE OF PROPERTY TAKEN
The Fourth District Court of Appeal in State v. Pina, 487 So.2d 351 (Fla. 4th DCA 1986), ruled that the relatively insignificant value of items taken by a defendant convicted of theft constituted a clear and convincing reason to depart downward in sentencing. This principle was the foundation for the courts' holdings in State v. Villalovo, and State v. Northern, 503 So.2d 1001 (Fla. 4th DCA 1987), where the marginal amount of contraband involved justified a downward departure. The State failed to prove that any items taken by DANIEL MYERS had any significant value. Accordingly, a third, independent, clear and convincing reason exists to depart from the guidelines.
4. STUNTED EMOTIONAL DEVELOPMENT
Where a defendant's lack of emotional development makes him susceptible to being easily lead, [sic] and this susceptibility diminishes his level of guilt, a departure downward is justified. See McPhaul v. State, 496 So.2d 1009 (Fla. 2nd DCA 1986). Eutzy v. State, 458 So.2d 755, 759 (Fla. 1984), and Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. den. 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978). Again, the unrefuted testimony of Dr. Capp established that Daniel Myers' emotional development is far less than that normally achieved by normal individuals of his age.
Finally, Dr. Capp testified that DANIEL MYERS can be rehabilitated [footnote omitted] if placed in a structured environment. The doctor's testimony also established that DANIEL MYERS is a non-aggressive, non-violent, person. I have seen nothing to convince me otherwise. When DANIEL MYERS took the stand, he admitted his participation in the burglary and he expressed remorse to the Court. In the course of his psychological testing, DANIEL MYERS expressed remorse to Dr. Capp.
The state correctly maintains that some of the court's reasons do not constitute valid grounds for departure. For example, it points out that the value alleged for petit theft is always small, and thus, the trial court incorrectly incorporated an inherent component of the crime. State v. *335 Mischler, 488 So.2d 523 (Fla. 1986). Compare State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986), and State v. Northern, 503 So.2d 1001 (Fla. 4th DCA 1987) (insignificant value of item a valid reason for departure when defendant charged with small amount of contraband is given same statutory offense as one who possessed larger amount). The state next contends that neither Myers' expression of remorse, cf. Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1986) (lack of remorse an invalid ground for departure), nor Myers' non-violent personality, justifies departure. Cf. McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987) (hypothesis that defendant is threat to society based solely on prior record not a valid reason for departure). Again, we agree. In addition, the state correctly argues that the trial court's finding that Myers can be rehabilitated is an improper reason for departure. Cf. Stooksbury v. State, 495 So.2d 845 (Fla. 3d DCA 1986) (conclusion that defendant is unsuitable candidate for probation is not clear and convincing reason to deviate from guidelines.) The trial court's fourth reason, Myers' stunted emotional development, taken alone, is invalid to support departure from the guidelines. Cf. Williams v. State, 492 So.2d 1171 (Fla. 5th DCA) (defendant's apparent lack of insight and responsibility for violent propensities insufficient to provide clear and convincing ground for upward departure), review denied, 501 So.2d 1284 (Fla. 1986).
On the other hand, Myers' emotional immaturity, considered in combination with Myers' age, State v. Mihocik, and his diminished mental capacity, State v. Villalovo, supports departure.
When a sentence is grounded on both valid and invalid reasons for departure from guidelines recommendations, the sentence must be reversed and the case remanded for resentencing unless it is clear beyond a reasonable doubt that the exclusion of invalid grounds would affect neither the judge's determination to depart nor the extent of the departure. Brown v. State, 487 So.2d 1073 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985). Because it is not clear that the absence of the invalid reasons would not have affected the sentences, we reverse and remand for resentencing. Albritton.
Reversed and remanded.