520 So.2d 301 (1988)
The STATE of Florida, Appellant,
v.
Orion HOPKINS, Appellee.
No. 87-2399.
District Court of Appeal of Florida, Third District.
February 2, 1988.
Rehearing Denied March 17, 1988.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Pursuant to plea negotiations with the court,[1] the defendant pled guilty to possession of cocaine. The guidelines calculation placed him in the second cell for drug offenses which provides for "Community Control or 12-30 mos. incarceration." Fla. R.Crim.P. 3.988(g) (category 7). On the theory that any period of community control literally falls within this recommendation, the trial judge imposed a sentence of three months of community control. The state appeals on the ground that the three month period represented a downward departure from the required guidelines range which was admittedly not supported by any assigned reasons for doing so. The defendant contends that there was no deviation at all. We agree with the state.
It is established that the "community control" provided in the second cell of most guidelines categories is by nature a more serious sentence than the "non-state prison sanction" stated in the first cell, even though the latter may include probation for the limit of the statutory period or imprisonment in the county jail for up to one year. See State v. Mestas, 507 So.2d 587 (Fla. 1987); Fla.R.Crim.P. 3.701 committee note d(13) (Dec. 19, 1985 amendment); The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). But it is no less than ridiculous to suggest that any term of community control  which might be as little as days or even hours  is more severe than that provided in the first cell or on a par with the twelve to thirty months state prison time provided as the alternative recommendation in the second cell. Furthermore, to *302 grant the trial judge plenary authority over the permissible sentence, without the necessity of assigning any reasons for a deviation from the norm, by regulating the term of community control in this fashion,[2] flies in the face of the very purpose of the guidelines: to restrict that authority in the interest of achieving consistency and regularity in sentencing throughout Florida. Santiago v. State, 478 So.2d 47, 49 (Fla. 1985); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). For these reasons, and even though a meticulous parsing of the grammatical structure of the phrase in question might yield a different conclusion, we are compelled by our obligation to read a governing provision in a common sense fashion so as to avoid an absurd result, Certain Lands v. City of Alachua, 518 So.2d 386 (Fla. 1st DCA 1987); 49 Fla. Jur.2d Statutes § 183 (1984), and in the light of the underlying purpose of the legislature, see 49 Fla.Jur.2d Statutes §§ 154-55, to conclude that the term provided by the second cell recommendation must involve at least twelve months either of community control or of state prison time. Since the sentence before us was below the guidelines recommendation as we perceive it and is unaccompanied by any reason for deviation, it cannot be permitted to stand.
Accordingly, the sentence is vacated with directions to afford the defendant the opportunity to withdraw the plea. See State v. Thomas, 516 So.2d 1058 (Fla.3d DCA Case 1987). If he does not, he shall be sentenced in accordance with the guidelines as interpreted in this opinion.
Reversed and remanded with directions.
FERGUSON, Judge (dissenting).
The majority is of the view that common sense obligates us to read "Community Control or 12-30 mos. incarceration" as a minimum of "twelve months either of community control or of state prison time." A literal interpretation of the rule gives the trial court discretion to impose community control for an unspecified period or state prison incarceration for 12-30 months. While I agree that the guidelines were enacted to minimize the discretion of trial courts in the exercise of their sentencing power, I do not believe that the drafters intended the guidelines to eliminate sentencing discretion. For that reason I feel no obligation to literally rewrite Florida Rule of Criminal Procedure 3.988(g) (category 7). If the authors did not mean what they said, and where as here what they said does not lead to an absurd result, let them revisit the rule. Fears v. Lunsford, 314 So.2d 578 (Fla. 1975) (if we disagree with a rule as written we may not use a new interpretation to change the rule; we must rewrite the rule) (Overton, J., concurring).
NOTES
[1] See infra note 2.
[2] It may again be observed that one of the most significant, but apparently desired effects of the guidelines, as emphasized by the holdings that a downward departure is not justified by a plea negotiated with the court, e.g., State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987) (as opposed to the prosecution, State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985)), and to a lesser extent by this opinion, is that the authority of the trial court over sentencing in general and by way of its participation in plea bargaining in particular, see Frazier v. State, 467 So.2d 447 (Fla. 3d DCA 1985), pet. for review dismissed, 475 So.2d 694 (Fla. 1985), has been greatly curtailed. Thus, the trial court, which was heretofore the ultimate sentencing authority, may no longer impose a lesser sentence simply because it either deems it appropriate in the light of the particular defendant and circumstances or, of lesser defensibility, because of the exigencies of its trial calendar. If the result is to make the administration of criminal justice in our state administratively impossible or difficult or the sentencing result of any particular case unfair or unjust, that is a decision which has been made and implemented by the legislature, the supreme court and the sentencing guidelines commission, over which we have no authority. See Chenard v. State, 510 So.2d 363 (Fla. 3d DCA 1987) (no power to impose apparently desirable up ward deviation from guidelines when not supported by recognized reasons).