RYDER, Acting Chief Judge.
Appellee pleaded guilty to seven counts of sale and five counts of possession of cocaine. After a jury trial, he was found guilty of another count of possession of cocaine.
The sentencing guidelines presumptive sentence was seven to nine years. At the sentencing hearing, over the state’s objection, the trial court sentenced appellees to four and one-half years on each count, all counts to run concurrently. The trial court did not provide written reasons for its departure from the sentencing guidelines presumptive sentence. From the transcript of the sentencing hearing, the trial court appears to have departed from the sentencing guidelines presumptive sentence on the basis of appellee’s plea. Apparently, the trial court and the appellee agreed that if appel-lee pleaded guilty, appellee would receive four and one-half years instead of the presumptive guidelines sentence of seven to nine years. As the third district held in State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987):
While a plea bargain between the state and a defendant is a valid reason for departure from the guidelines, State v. Esbenshade, 493 So.2d 487, 488 (Fla. 2d DCA 1986); State v. Collins, 482 So.2d 388, 389 (Fla. 5th DCA 1985), a trial court is no longer free to offer a plea bargain which is below the sentencing guidelines, over the state’s objection, unless the court provides clear and convincing reasons for its departure.
Id. at 1116-17. Thus, the trial court erred in departing downward from the sentencing guidelines presumptive sentence on the basis of a plea bargain between the court and the appellee, over the state’s objection, without providing clear and convincing written reasons for its departure.
Consequently, we reverse and vacate ap-pellee’s pleas, convictions and sentences on the seven counts of sale and five counts of possession of cocaine. We affirm the conviction and reverse the sentence on the count of possession that went to jury trial and remand for resentencing.
Affirmed in part; reversed in part and remanded for further proceedings.
CAMPBELL and PARKER, JJ., concur.