525 So.2d 967 (1988)
William H. OGLETREE, Appellant,
v.
STATE of Florida, Appellee.
No. BR-418.
District Court of Appeal of Florida, First District.
May 12, 1988.
Rehearing Denied June 20, 1988.
*968 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
William Ogletree appeals judgments of conviction and sentences for one count of aggravated battery, nine counts of attempted first degree murder, one count of burglary of a dwelling while armed, and one count of shooting into a building. The state cross-appeals the imposition of a sentence below the recommended guidelines range. For the reasons stated below, we affirm.
All of the charges arose out of a single episode on Christmas day 1985 at the home of appellant's in-laws. On February 14, 1986, appellant was charged by amended information with two counts of aggravated battery, nine counts of attempted first degree murder by shooting a shotgun into a room where nine people were present, one count of burglarizing a dwelling with the intent to commit murder, and one count of shooting into a building. Each count of the amended information charging attempted first degree murder reads in pertinent part:
WILLIAM H. OGLETREE, on December 25, 1985, at and in Escambia County, Florida, did unlawfully from a premeditated design to effect the death of a human being, to-wit: [victim's name], did attempt to kill and murder said [victim] by shooting a shotgun into the room in which the victim was present, in violation of Sections 777.04, 782.04 and 775.087, Florida Statutes.
(R. 256).
The evidence at trial established that on December 25, 1985, nine members of the Harris family (appellant's in-laws) were sitting around the dinner table when someone heard a crashing sound outside. Several witnesses saw appellant get out of his car, which had smashed into a tree, with a single-shot shotgun on his shoulder. Perceiving imminent danger, the nine persons ducked to the floor or scattered. Appellant broke a glass window in the door, thrust the gun through the window, pointed it at the table and fired one shot. Fortunately, no one was seriously hurt. Appellant then chased after one family member and beat her with the butt of the gun as she held her infant child.
Appellant's defense was based on insanity. The record reflects that he had a history of psychiatric disorders as a result of his military service in Vietnam, had been treated several times in a Veteran's Administration hospital, and was required to take medication regularly to stabilize his condition. Appellant testified that as he drove up to the Harris house something hit the windshield and he crashed into something and that "at that time all I can remember is smoke everywhere, and I ... remember getting out of the car ... I could hear ringing in my ears, and I couldn't see anything. It was just a haze, a purple haze, and I was just somewhere else" (R. 97). He said the next thing he remembered was being on the interstate heading for the VA hospital. Appellant testified that he has had problems with hallucinations and hearing voices and that he had been "classified as a paranoid schizophrenic, and I suffer with post-traumatic stress syndrome, and severe nervous conditions."
A clinical psychologist obtained by defendant's counsel examined appellant in March and May 1986 and testified that in his opinion appellant suffered from paranoid schizophrenia manifested by delusions and hallucinations, and that this condition caused appellant to lose his ability to understand or reason accurately. However, a state rebuttal witness testified that while appellant did have a mental disease on December 25, 1985, in his opinion the condition did not cause appellant to fail to know what he was doing or fail to appreciate the nature of his actions, and that appellant knew his actions were wrong.
No motion or objection was made by appellant's trial counsel, either before or during trial, to test the legal sufficiency of the nine charges of attempted premeditated first degree murder. Nor did defendant's *969 counsel make any motions during trial to test whether the state's evidence was insufficient to prove attempted premeditated first degree murder as distinguished from attempted first degree murder during the perpetration of a burglary.[1]
The jury found appellant guilty as charged, with the exception of one assault charge not involved in this appeal. Although the guidelines scoresheet reflected a recommended sentence of life imprisonment, the trial court departed from the guidelines, sentencing appellant to concurrent sentences of 15 years for counts one and twelve and 25 years for counts two through eleven.
On appeal, appellant contends that the trial court erred in imposing judgment and sentences for eight of the nine charges of attempted murder because the rule of lenity implicit in the Double Jeopardy Clause dictates that appellant's conduct, firing a single shot into a room containing nine people, be viewed as one offense, not nine. He argues that the United States Supreme Court has adopted a "rule of lenity" in favor of the accused when interpreting statutes which, as here, leave the intended unit of prosecution vague. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). Appellant argues that in this case the charges at issue are a combination of the attempt statute, section 777.04,[2] and the homicide statute, section 782.04,[3] and because neither statute explicitly defines the act or combination of acts which constitute a single violation of law, the rule of lenity should be applied.
Appellant argues that the facts in this case are indistinguishable from Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), in which the defendant fired a single shot at two pursuing officers. The Supreme Court construed a federal statute prohibiting assault on a federal officer with a deadly weapon, and finding that the unit of prosecution was unclear, the Court applied the rule of lenity and held that the defendant could not be convicted separately for each officer assaulted by the single discharge of the shotgun.
The state's response at pages 4 and 5 of its answer brief argues that this issue has not been properly preserved for appellate review, and even if it had, the multiple charges of attempted first degree murder are sustainable under Palmer v. State, 438 So.2d 1 (Fla. 1983).
Initially, we note that Florida has adopted the rule of lenity. Section 775.021(1), Florida Statutes (1985), states in part that "when the language [of a statute] is susceptible of differing constructions, it shall be construed most favorably to the accused." This statutory provision has been said to effectively codify the rule of lenity recognized in criminal law. Carawan v. State, 515 So.2d 161 (Fla. 1987).
We also note that had appellant been charged under the burglary section of the first degree murder statute, § 782.04(1)(a) 2 e, the unit of prosecution would have been the act of burglary itself, so that the firing of a single shot in the direction of nine people would have been a single offense, not nine separate offenses. See Ladner, supra. But appellant was charged and convicted under § 782.04(1)(a) 1, defining premeditated murder, which requires a premeditated intent to kill or harm a particular individual. Thus, the unit of prosecution on a charge of premeditated *970 murder, depending on the intent charged, may focus on the victim who is the subject of the premeditated intent to kill rather than on the act of firing the shot. A charge of attempted premeditated first degree murder, therefore, may well be tied to the number of intended victims, rather than the act of firing the gun. It was, no doubt, on this legal theory that the state brought nine, rather than one, attempted premeditated murder charges.
The state's evidence was clearly sufficient to prove attempted first degree murder during the perpetration of a burglary. But our review of the record reveals a serious question that the state's evidence was sufficient to prove the charges of attempted premeditated murder, and strongly suggests that this is an appropriate case for, at the very least, applying the rule of lenity by focusing upon the defendant's criminal act rather than upon the number of victims that happened to be in the dining room at the time the single shot was fired. However, since there was no challenge below to the sufficiency of the evidence to support these charges, either by a motion for directed verdict or new trial, we cannot review the sufficiency of the evidence to prove the attempted premeditated murder charges in this case. State v. Barber, 301 So.2d 7 (Fla. 1974) (Where no appropriate motion was made in the trial court to test the sufficiency of the evidence, the issue of the sufficiency of the evidence was held not open to appellate review on direct appeal from an adverse judgment). See also Wolkooski v. State, 510 So.2d 1149 (Fla. 1st DCA 1987) (Challenge to sufficiency of evidence cannot be heard on appeal where issue not raised in trial court by filing of motion for judgment of acquittal at close of state's case or at close of all the evidence); E.J.K. v. State, 508 So.2d 422 (Fla. 2d DCA 1987) (Failure to move for judgment of acquittal or new trial to provide trial court with opportunity to test sufficiency of evidence precludes appellate review of the sufficiency claim). The charges of premeditated murder may well focus on the number of potential victims, but we are unable at this time to grant appellant's requested relief because appellant's trial counsel did not take the necessary steps in the trial court to preserve for appellate review the issue of whether the rule of lenity should be applied in this case. It follows that appellant's convictions on nine counts of premeditated attempted first degree murder must be affirmed. But we do so without prejudice to appellant's filing of a rule 3.850 motion challenging the adequacy of his counsel at trial. See State v. Barber, 301 So.2d at 10.
On cross-appeal, the state argues that the trial court erred in imposing a sentence below the guidelines' recommended range. The trial court's written reasons for departure were as follows:
1. There was some provocation for the offenses committed by the defendant, in that upon his approaching the house in question, some object was thrown against the windshield of his car, causing his car to strike a tree and the car's radiator to spew out steam, frightening the defendant. Whether or not this experience caused "flash-backs" to his Viet Nam war experiences is questionable.
2. At the time of the offense, the defendant, although legally sane, did suffer mental illness which diminished his understanding and judgment.
3. The numerous counts charging attempted first degree murder and the count charging shooting into an occupied building resulted from a single shot fired into a room in which several people were present and not from separate attempts to murder nine different persons.
This Court finds that either Reason No. 2 or Reason No. 3 would be sufficient to justify departure from the sentencing guidelines, and further finds that the cumulative effect of the three reasons stated above is more than sufficient to justify such departure.
(R. 323).
Reason number one, that there was some provocation for the offenses, is invalid. Appellant testified that something hit his windshield, but there is no indication in the record that anything was deliberately thrown at it. Also, appellant did not testify that he was frightened by this act but *971 rather that "it was just a haze, a purple haze, and I was just somewhere else." Although appellant testified that he suffers from post-traumatic stress syndrome, as the trial court points out in its order, "Whether or not this experience caused `flash-backs' to his Viet Nam war experiences is questionable." Because this reason for departure seems to be based almost entirely on conjecture and is not supported by the record, it cannot support departure from the guidelines. State v. Mischler, 488 So.2d 523 (Fla. 1986).
Reason two, that at the time of the offense appellant was suffering from a mental illness which diminished his understanding and judgment, is a valid reason for departure and is supported by the record. Appellant testified that he has had problems with hallucinations and hearing voices and that he had been "classified as a paranoid schizophrenic, and I suffer with post-traumatic stress syndrome, and severe nervous conditions." Dr. Overlade, a clinical psychologist, testified that he examined appellant in March and May 1986, and that in his opinion appellant suffered from paranoid schizophrenia manifested by delusions and hallucinations and that this condition caused appellant to lose his ability to understand or reason accurately. Cf. State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986) (Fact that defendant was "mildly retarded" and suffered from "central nervous disfunction" were appropriate bases for downward departure); State v. Myers, 515 So.2d 333 (Fla. 3d DCA 1987) (Emotional immaturity considered in combination with defendant's age and diminished mental capacity valid reasons for reduction of sentence).
Reason three, that the numerous counts charging attempted first degree murder resulted from the firing of a single shot into a room, is invalid. This reason for departure reflects nothing more than the trial court's disagreement with the verdict. See Scurry v. State, 489 So.2d 25 (Fla. 1986) (Trial court's finding that second degree murder was planned by defendant reflected trial court's disagreement with jury verdict of second degree murder rather than first degree); see also Moore v. State, 498 So.2d 1003 (Fla. 2d DCA 1986) (Trial court's substitution of its judgment as to the sufficiency of the guidelines punishment will not support departure). The trial judge was undoubtedly concerned with the state's having based nine attempted murder charges on the firing of a single shot; and had not defendant's trial counsel failed to make the appropriate motions challenging the sufficiency of those charges, the trial judge may have been able to take appropriate corrective action before reaching the sentencing phase.
We believe it is clear beyond a reasonable doubt from this record that the trial court would have departed downward from the guidelines even though all but one of the reasons were held invalid, and therefore affirm appellant's sentences. Albritton v. State, 476 So.2d 158 (Fla. 1985).
AFFIRMED.
WIGGINTON, J., concurs.
BOOTH, J., concurs specially with written opinion.
BOOTH, Judge, specially concurring.
I agree in the result of this decision and would affirm the convictions and sentences.
NOTES
[1] Section 782.04, Florida Statutes (1985), provides in pertinent part:

(1)(a) The unlawful killing of a human being:
1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; or
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any
* * * * * *
e. Burglary is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
[2] Section 777.04, Florida Statutes (1985), states in part:

(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of same, commits the offense of criminal attempt.
[3] See note 1.