537 So.2d 192 (1989)
STATE of Florida, Appellant,
v.
James Dean DAVIS, Appellee.
No. 88-1136.
District Court of Appeal of Florida, Second District.
January 18, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellee.
THREADGILL, Judge.
The state contends on appeal that the trial court utilized the wrong scoresheet in sentencing appellee, and erred in departing downward from the recommended guideline range. We reverse for computation of appellee's sentence using the correct scoresheet; however, we find that two of the three reasons given for departure are valid and may be used again to depart downward.
Appellee plead guilty to multiple counts of racketeering, robbery, kidnapping, and carrying a concealed firearm. The court utilized a category four scoresheet with a corresponding recommended sentence of twenty to twenty-seven years imprisonment in sentencing appellee. The state urges that the court was required to use a category nine scoresheet and score racketeering as the primary offense because that scoresheet provides the most severe sanction  life imprisonment.
Florida Rule of Criminal Procedure 3.701(d)(3) provides: "(b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines." The court utilized scoresheet category four which is titled "Violent Personal Crimes" and covers the crimes of assault, battery, and culpable negligence as well as defamation, libel, and similar offenses. The rule is clear. The court erred in utilizing the category four scoresheet, because scoring racketeering as the primary offense on the category nine scoresheet provided the most severe sanction.
*193 At sentencing, the trial court gave three reasons for a downward departure. The first reason, the youthful age of an offender, has been held to be valid where there are other reasons supporting departure. We find this to be a valid reason under the circumstances of this case. See State v. Myers, 515 So.2d 333 (Fla. 3d DCA 1987). The second reason, the lack of any prior significant criminal history, is not valid. Sanders v. State, 510 So.2d 296 (Fla. 1987). The third reason, the appellee's cooperation with the police, is valid. See Moore v. State, 498 So.2d 1003 (Fla. 2d DCA 1986). Appellee gave the police information resulting in the arrest of three codefendants, and in solving numerous other crimes. The police officers who received this information testified on appellee's behalf. Because appellee's cooperation with the police is supported by the record and is undisputed, this is a valid reason for departure.
For the foregoing reasons, we reverse the sentence and remand for resentencing utilizing a category nine guidelines scoresheet. At resentencing, the judge may again use the valid reasons previously given for departure.
REVERSED AND REMANDED.
CAMPBELL, C.J., and PARKER, J., concur.