PER CURIAM.
The state appeals from a downward departure sentence entered upon a negotiated plea between the defendant and the court over the state’s objection. We agree with the state that the trial court failed to set forth clear and convincing reasons for the departure sentence, and we reverse.
In July 1987, the defendant pled guilty to grand theft and was placed on probation. While on probation, the defendant was charged by four different informations with offenses covering four separate criminal episodes all of which occurred within a two-month period. The charges included robbery, two counts of grand theft, forgery, uttering a forged instrument, petit theft, and attempted robbery. He entered pleas of guilty to all these charges and was sentenced, over state objection, to three and one-half years on each count to run concurrently. He was also found to be in violation of probation. According to the sentencing guidelines scoresheet, the presumptive sentence was four and one-half to five and one-half years.
The trial judge gave four reasons for departing downward in the sentence. One reason given was that the series of offenses occurred within a short period of time. While the time between offenses has been recognized as a valid reason for an upward departure, Williams v. State, 504 So.2d 392 (Fla.1987); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), it has never been recognized as a valid ground to deviate downward from the recommended guidelines range. We find no reason to recognize a “crime binge” occurring over a short period of time as a valid reason for downward departure from the sentencing guidelines.
The trial judge’s other reasons for departure also lack merit. First, the fact that the sentence was entered upon a plea to the court is not in and of itself a valid reason for departure. State v. Matthews, 522 So.2d 1026 (Fla. 2d DCA 1988); State v. Johnson, 512 So.2d 1116, 1117 (Fla. 3d DCA 1987). See State v. Hopkins, 520 So.2d 301, 302, n. 2 (Fla. 3d DCA 1988).
Second, the fact that the sentence was a one cell departure from the guidelines range is an unconvincing basis for downward departure. While the sentence imposed after revocation of probation may be increased to the next higher cell without requiring a reason for departure, there is no such exception for a decrease to the next lower cell. Fla.R.Crim.P. 3.701(d)(14).
Third, and finally, the fact that the defendant had only one prior conviction is not a valid reason for departure because prior record is factored into arriving at a presumptive sentence. Keys v. State, 500 So.2d 134 (Fla.1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985). See Sanders v. State, 510 So.2d 296, 297 (Fla.1987).
For the foregoing reasons, the defendant’s sentence is reversed and remanded with directions to resentence him within *73 the presumptive guidelines. In the alternative, the defendant may withdraw his plea and proceed to trial.
REVERSED AND REMANDED.