LEHAN, Judge.
Defendant appeals from his sentence of two years community control, a sentence included within the second cell of the guidelines. The sentence recommended by the guidelines was within the first cell which called for any nonstate prison sanction. Defendant’s sentence was, as decided in State v. Mestas, 507 So.2d 587 (Fla.1987), an upward departure. See State v. Hopkins, 520 So.2d 301 (Fla. 3d DCA 1988). The trial court gave as the written reason for the departure, “negotiated plea.” A plea bargain, which had been made at a time when there was uncertainty as to defendant’s guidelines score, was for sentencing within the applicable sentencing guidelines recommendation. More specifically, the bargain was for (1) a sentence of community control if the guidelines recommendation was for the second cell which included community control and (2) a sentence at the low end of the recommended sentencing range if the guidelines recommendation was for a higher cell. Defendant contends that his sentence was not consistent with that plea bargain and that the trial court therefore erroneously departed from the guidelines. For the reasons explained below, while we agree that the sentence was not consistent with that plea bargain, we nonetheless affirm.
The state argues that appellate review is precluded because defendant did not move in the trial court to withdraw his plea. Defendant himself argues that he should have been given the opportunity to withdraw his plea. The state’s argument appears to be well taken. See Williams v. State, 316 So.2d 267, 273-74 (Fla.1975). See also Robinson v. State, 373 So.2d 898, 902-03 (Fla.1979). But we need not use that as the basis for affirmance and thereby leave open the merits of the matter. As we will explain, we would affirm on the alternative basis referred to below whether or not defendant had filed a motion to withdraw his plea.
As we have said, we agree with defendant’s argument that his sentence was not consistent with the above described plea bargain. Neither alternative (1) nor (2) of that bargain was applicable because the guidelines called for a sentence of any non-state prison sanction within the first cell. There would therefore appear to have been an improper departure from the guidelines on the basis that the written reason for the departure, “negotiated plea,” was invalid. See, e.g., Shull v. Dugger, 515 So.2d 748 (Fla.1987); Alexander v. State, 513 So.2d 1117 (Fla. 2d DCA 1987). See also Grace v. State, 506 So.2d 1147 (Fla. 1st DCA 1987); Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), rev. denied, 515 So.2d 229 (1987) (reversible error to impose without written reasons community control which was a departure sentence as compared to the guidelines recommended sentence of any nonstate prison sanction).
Nonetheless, we affirm on the alternative basis of the colloquy which took place at sentencing. In that colloquy the trial court, upon learning that defendant’s original calculation of his guidelines score placing him in the second cell calling for community control had been mistaken, asked defendant whether he would prefer, instead of two years’ community control (to which defendant was to be, and was, sentenced), 364 days in the county jail plus five years probation (a sentence at the high end of the guidelines range under the first cell). Defendant, through counsel, said he would not because that would be a harsher sentence. Thus, whether or not, as the state argues, defendant actually thereby elected the community control sentence imposed, defendant, while knowing that the trial court would then impose community control, opted against the guidelines sentence which he now in effect argues for on appeal. We cannot countenance the inconsistent position on appeal that there was error in failing to impose a guidelines sentence which defendant had rejected in the trial court. 4 Of course, an applicable plea bargain may provide a proper basis for a guidelines departure. Quarterman v. State, 527 So.2d 1380 (Fla.1988). The rejection by defendant in this case of a guide *1120 lines sentence might be thought of as, in a sense, a type of additional plea bargain having been entered into under which defendant was not to receive the guidelines sentence which he concluded was harsher than the departure sentence imposed.[1]
We should note one additional aspect of this peculiar case. One might wonder, notwithstanding the import of Mestas, why a defendant would appeal from a sentence of community control as being an improper sentence and thereby be exposed to a sentence of any nonstate prison sanction, especially when the trial judge had referred to a nonstate prison sanction of 364 days plus five years probation. The answer in this case may be that shortly after being sentenced to community control and within the time for an appeal from that sentence, defendant was accused of violating his community control by committing retail theft and being absent from his approved residence without the permission of his community control officer. Thus, it would appear that by this appeal defendant may be trying to avoid the one-cell bump-up in his sentence upon violation of community control which would result in more prison time in state prison than the time in county jail possible under the guidelines recommended sentence of any nonstate prison sanction. See Peters v. State, 531 So.2d 121 (Fla.1988). Indeed, at sentencing the trial court had specifically advised defendant that if he violated community control, he could be sentenced to the maximum prison time provided by law. Also, if defendant had won this appeal, the sentence on remand would have had to be within the guidelines range on the basis that the only reason used by the trial court to depart was invalid. See Shull; Alexander.
AFFIRMED.
DANAHY, A.C.J., and PATTERSON, J., concur.

. We recognize the position that a nonstate prison sanction should be considered an upward departure from community control, rather than vice versa as decided in Mestas and Hopkins which seem to indicate that a nonstate prison sanction is less severe than community control. This position is that a deprivation of liberty in prison is more severe than community control (and that the 364 days plus five years probation which was referred to by the trial judge was more severe than the at least 12 months’ community control which under Hopkins is implicitly required by the second cell of the guidelines or the two years community control imposed in this case). However, Mestas is, of course, controlling. Indeed, in Mestas the Florida Supreme Court followed a then recently clarified committee note to the guidelines and specifically declined the state’s invitation to revisit the issue of whether a sentence of community control was a departure from a nonstate prison sanction sentence. 507 So.2d at 588.