PER CURIAM.
The State appeals from a court-offered sentence which departed downward from the applicable sentencing guidelines. The sole written reason for the trial court’s guideline departure was: “small quantity [of] contraband.” We reverse and remand for resentencing.
The Florida Supreme Court has ruled that the quantity of drugs involved in a crime is not a proper reason to support departure from the sentencing guidelines. Atwaters v. State, 519 So.2d 611 (Fla.1988). This court has applied the Atwaters rule to downward departures from the sentencing guidelines. State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988); State v. McCluster, 525 So.2d 434 (Fla. 3d DCA 1988). Accordingly, we reverse the sentence and remand for resentencing within the guidelines, with the defendant being allowed the opportunity to withdraw the plea he negotiated with the trial court. Shull v. Dugger, 515 So.2d 748 (Fla.1987) (where reasons given for departure are invalid, resentencing following remand must be within guidelines).
Reversed and remanded for resentenc-ing.