PER CURIAM.
The state appeals from a downward departure from the sentencing guidelines. For the following reasons, we reverse.
Defendant was charged with separate offenses in two different cases. At his arraignment on the charges in one case, the state presented to the trial court a guidelines scoresheet which listed only one of the pending cases and thus had been incorrectly calculated to show a 2½ to 3¾⅛ year range. The state was not aware of the error and did not extend a plea offer. One and one-half months later, both cases were before the court for report. Based upon a plea offered by the court, the defendant pled no contest in both cases in exchange for concurrent sentences of 2V2 years. The recommended guidelines sentence was nine to twelve years. In its written reason for departure, the trial court stated:
State advised court at arraignment on Case 88-19143 that defendant’s guidelines were 2V2 to 3½ for both cases. Scoresheet was apparently erroneous. In reliance upon state’s oral representations as to the score, the court proposed a plea of 2lk years to the defendant which the defendant accepted before the error was discovered. The state is es-topped from changing its computation due to the Court’s reliance upon its representations.
The state objected to the plea bargain offered by the court.
A trial court is not free to offer a plea bargain which is below the sentencing guidelines unless the court provides clear and convincing reasons for its departure. State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987). We do not find the reason given for the departure “clear and convincing.” Although principles of estoppel may be applied in carrying out the terms of a plea bargain, see Madrigal v. State, 545 So.2d 392, 395 (Fla. 3d DCA 1989), and cases cited therein, here, estoppel has no application. The state offered no plea to defendant and was not a party to the plea bargain offered by the court.
Accordingly, we vacate the sentence under review and remand with directions to the trial court to resentence defendant within the sentencing guidelines or to allow defendant to withdraw his plea if he so chooses. State v. Brown, 545 So.2d 446 (Fla. 3d DCA 1989).
Sentence vacated and cause remanded with directions.