PER CURIAM.
The state appeals a downward departure sentence negotiated between the court and the defendant which provided that if the defendant would enter a plea of no contest, the court would impose a sentence of twenty-one days with credit for time served and adjudication withheld. The plea, entered over the state’s objection, involved the sale and delivery of cocaine to an undercover agent within one thousand feet of a school in violation of section 893.13(l)(e), Florida Statutes (1987). The presumptive sentence upon conviction of the charges is from three and one-half to four years in prison. The court made no attempt to make a finding in a written order indicating the reasons for the departure sentence as required by Florida Rule of Criminal Procedure 3.701(d)(ll). Barbera v. State, 505 So.2d 413 (Fla.1987).
Although the court has discretion to withhold adjudication, Sanchez v. State, 541 So.2d 1140 (Fla.1989), a plea arrangement between the defendant and the court which results in a downward departure sentence over the state’s objection requires such a written order to comply with Rule 3.701(d)(ll). State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989). Thus, the sentence is vacated and remanded with directions to enter a written order in support of the departure sentence, or if the court determines that departure is inappropriate, to allow the defendant an opportunity to withdraw his no contest plea and go to trial. State v. Mitchell, 538 So.2d 71 (Fla. 3d DCA 1989).
Accordingly, the sentence is vacated and remanded with directions.