HARRIS, Judge,
dissenting.
I respectfully dissent. It appears to me that the issue is not whether there is a formal order in the file permitting the defendant to withdraw his plea, but whether, in fact, the defendant elected to go to trial rather than be sentenced under the appropriate guidelines. And we must find the answer to that question from the record.
Appellant concedes he entered a plea agreement with the court to plead no contest to all three counts as charged (two felonies and one misdemeanor) and that he would receive three years in prison followed by three years probation. Even though the state was under the impression, based on the pre-plea scoresheet prepared by the probation department, that the guideline range was 3 to 7 years, it is agreed that the state opposed the negotiated sentence of three years and would not execute the agreement. Over the objections of the state, the court accepted its plea agreement with the defendant and adjudicated him guilty. The court deferred sentence until a later date at the request of the state.
At the scheduled sentencing hearing the state argued:
Your Honor, in this ease it’s quite clear that this [agreed three-year sentence] would be an improper sentence, and the State would have the obligation to appeal the sentence if the Court were to impose it, because it would be below the guideline sentence.
And I think the situation is such that Mr. Smith should be given the opportunity to withdraw his plea. ... he has not been sentenced yet — and urge the court not to sentence the Defendant, and allow him to withdraw his plea or to set aside the plea based on the State’s objection and schedule this matter either for trial or pretrial.
Although Appellant’s counsel objected to the court’s not honoring the three-year plea even if an illegal sentence,[1] the court deferred ruling until the parties could submit memoranda.
At the next recorded hearing the following transpired:
Your Honor, we had a hearing in chambers on this yesterday.[2] Probation and Parole was to provide information in regard to the prior DUI conviction. We were awaiting hearing from them.
MR. FANTER [Appellant’s trial attorney]: Mr. Smith was here this morning. *1285 I advised him of the court’s ruling and setting it for the trial docket in February pending outcome of their investigation.
THE COURT: Let’s set it for the trial docket in February pending the investigation report -received from Probation and Parole. As soon as that’s received, if the State would see that we get back before the Court in an appropriate manner to resolve it or to finalize plans for trial.
The matter came on for trial on February 27, 1989. Since the court permitted the case to go to trial, it must be presumed that he set aside the previous plea agreement. And based on the existing law, he had no choice.
A trial court is not free to offer a plea bargain which is below the sentencing guidelines, over the State’s objections, unless it provides clear and convincing reasons for the departure. See State v. Lewis, 540 So.2d 927 (Fla. 3rd DCA 1989). Although principles of estoppel may be applied in carrying out the terms of a plea bargain, here estoppel has no application. The state offered no plea to the defendant and was not a party to the plea bargain offered by the court. State v. Singletary, 547 So.2d 1262 (Fla. 3rd DCA 1989).
We should not permit the defendant to rely on an illegal sentence negotiated with the trial court. The alternative to imposing an illegal sentence is to sentence the defendant to a term within the appropriate guideline or, if he chooses, to permit the defendant to withdraw his plea and go to trial on the original charges. State v. Williams, 549 So.2d 230 (Fla. 3rd DCA 1989). State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989). The majority agrees that on remand this is what the trial court should do; I believe the record adequately reflects that appellant was given this option prior to trial.
The record reflects that defendant made no objection to proceeding to trial except to challenge the timeliness of the amended information. It also shows that defense counsel attempted to negotiate a new agreement with the court at the start of the trial. This is not to suggest that by not objecting to the new trial the defendant waives his claim based on double jeopardy. See Johnson v. State, 483 So.2d 420 (Fla.1986). Clearly this opinion considers such claim. But the record does reflect that the court announced its intention not to proceed with the three-year sentence and although defendant could have elected to proceed to sentence within the appropriate guideline range, by standing mute he elected to go to trial on the original charges (as amended) and take his chance on the jury. I do not believe he should receive yet another chance.
I would affirm.

. If we accept the scoresheet in the record, the guideline range is 12 to 17 years. Although Appellant contends that the Ohio convictions were not proved, he has failed to establish this by the record.
Following the trial, the following discussion took place;
THE COURT: You’re objecting to factoring in the other DUI until there's proof of it.
MR. FANTER: Yeah.
THE COURT: I’m sure the State doesn’t want to sentence him until we have that DUI information. It’s incumbent upon the State to get that information, so when the State gets that information, I’ll have sentencing ...
The sentencing hearing is not a part of the record, so we don’t know what evidence was presented concerning the Ohio convictions, but even if we eliminate the Ohio convictions, the plea to two felonies and one misdemeanor with his admitted record would put appellant in the 7 to 12 year guidelines range. This would make the agreed three-year sentence "illegal”.

. The transcript of this hearing is not a part of the record.