PER CURIAM.
The state appeals the trial court’s downward departure sentence imposed on Jeffrey Mayo after he entered a plea of nolo contendere to I) dealing in cocaine and II) resisting without violence. We reverse.
Mayo’s plea agreement provided for an open plea and a guideline recommended range of between 29.86 months and 30 years. The court heard testimony on the issue of remorse and orally pronounced sentence of 29.85 months. Mayo then cited State v. Northern, 503 So.2d 1001 (Fla. 4th DCA 1987) as support for a downward departure because his crime involved only $20 of crack cocaine. Northern is no longer good law in light of Atwaters v. State, 519 So.2d 611 (Fla.1988) which held the quantity of drugs involved in a crime may not be used to support a departure from the guidelines. See id. at 612. After reviewing Northern, the trial court receded from its previously announced sentence, and sentenced Mayo to one year and one day.
Mayo concedes the quantity of cocaine was an invalid reason for departure, but argues the record is unclear whether the departure sentence was based in part on a finding of remorse. “An appellate court is obliged to uphold a departure sentence if one of the reasons for the departure is valid, even if the remaining departure reasons are invalid. See § 921.001(6), Fla. Stat. (1995).” Perry v. State, 714 So.2d 563, 564 (Fla. 1st DCA 1998). In our view the record shows the trial court would not have departed from the guidelines were it not for the invalid reason of the quantity of drugs involved.
Mayo’s sentence is reversed and remanded to allow Mayo the opportunity to withdraw his plea and go to trial or be sentenced within the guidelines. See State v. Silver, 723 So.2d 381 (Fla. 4th DCA 1998).
REVERSED and REMANDED.
STONE, POLEN and GROSS, JJ., concur.