473 So.2d 1362 (1985)
The STATE of Florida, Appellant,
v.
Juan Ramon CARIDE, Appellee.
No. 84-155.
District Court of Appeal of Florida, Third District.
August 6, 1985.
Opinion Clarified September 6, 1985.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The State of Florida seeks review of the sentence imposed by the trial court which was substantially below the recommended range of the guidelines under section 921.001(5), Florida Statutes (1983). We agree with the state's position and, as we did in State v. Davis, 464 So.2d 195 (Fla. 3d DCA 1985), reverse and remand with directions.
The essential facts which give rise to this appeal are as follows. Caride was lawfully stopped by a police officer. Thereafter, the officer noticed a glassine bag within the interior of the vehicle containing white powder.[1] Caride was arrested for possession of cocaine, a third degree felony, and charged with a violation of section 893.13, Florida Statutes (1983). At the time of trial, Caride changed his plea from not guilty to one of no contest as a result of a unilateral trial court offer, the terms of which contemplated a no contest plea, an adjudication of guilt, and a $500 fine/contribution to the victims compensation fund. The state timely objected to the court's offer and submitted a guidelines score sheet which, including the points for Caride's prior convictions, totaled 245 points. The recommended sentence, thus, would be between 12 and 17 years, limited, however, to a maximum of five years by virtue of the third degree felony involved, see § 775.082(3)(d), Fla. Stat. (1983). Florida Rule of Criminal Procedure 3.701 d.10. provides *1363 that "[i]f the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed."
The trial court's rationale for the sentencing deviation was that (1) Caride had not been in trouble for over three years, (2) there was no violence involved in this crime, (3) the prison system was already overcrowded, and (4) justice would be better served by requiring Caride to pay a fine/contribution to the victims compensation fund. We conclude that none of the reasons stated by the trial court are sufficient to support its deviation from the guidelines recommended range. The first two of the four reasons advanced by the trial court are already contemplated by the guidelines themselves, and, thus, cannot serve as a basis for departure. The trial court's third reason, that the prison system is already overcrowded, is not a valid justification for a departure from the guidelines recommended range. This observation, even if accurate, concerns a matter properly addressed by the legislative and executive branches. The trial court's final reason, that justice would be better served by a fine/contribution to the victims compensation fund, is not relevant where, as here, a sentence of incarceration is required by the guidelines.
We, accordingly, reverse the sentence imposed and remand to the trial court with directions to permit the defendant to withdraw his previously entered plea of no contest if he so chooses. See Davis; see also Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Following oral argument of this case, the panel called for supplemental briefs on the issue of the constitutionality of the sentencing guidelines. Both appellant and appellee have commendably briefed and argued their positions in that regard. We conclude that, given the posture of this case, the issue is not ripe for review.
Reversed and remanded with directions.
BASKIN, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
After the remand required by the court's opinion, it may well be that, for a variety of reasons, Caride will not even be convicted, much less sentenced to the five-year term required by the sentencing guidelines. In these circumstances, I agree that under the clearly established rule that courts should refrain from determining issues, particularly constitutional ones, "beyond the necessities of the immediate case," we should not now decide whether the guidelines may validly be applied to crimes prior to July 1, 1984, when they were first adopted by the legislature. See State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4, 6 (1930); State v. Bruno, 104 So.2d 588 (Fla. 1958); City of Coral Gables v. Puiggros, 376 So.2d 281, 284-85 (Fla. 3d DCA 1979).
I do, however, express my grave concern as to the constitutional propriety of the determination of such an obviously substantive, legislative matter as criminal sentencing through the medium of a rule of court. Art. II, § 3, Art. III, § 1, Fla. Const.; Watson v. State, 190 So.2d 161 (Fla. 1966), cert. denied, 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369 (1967); Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975).
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

ON REHEARING EN BANC
PER CURIAM.
Following oral argument before a panel of this court, this case was reheard en banc because of the obvious public import of the constitutional issues raised and the possibility that the panel decision might conflict with previous decisions of this court, see Fla.R.App.P. 9.331(a), (c). It is the determination of the en banc court that the constitutional issues presented are not ripe for review and that the panel decision is not in conflict with any other decision of this court.
*1364 The order for rehearing en banc is accordingly discharged.
NOTES
[1] No issue is presented on either the propriety of the stop or the lawfulness of the seizure.