ORFINGER, Judge.
The defendant was convicted by a jury and adjudicated guilty by the court of robbery with a weapon. Instead of calculating the guideline sentence on a Category 3 (robbery) scoresheet, which would have produced a recommended sentence of 3½ to 4½ years in prison, the trial court used a Category 4 (violent personal crimes) score-sheet, which produced a recommended sentence of community control or 12-30 months in prison. Recognizing that this was a departure sentence, the trial judge entered a written order stating, in essence, that the judge doubted the credibility of the victim’s testimony that a robbery had occurred and that defendant was guilty only of aggravated battery.
It is not the function of the trial judge to determine the credibility of witnesses when a jury sits as the trier of fact. Having accepted the jury’s verdict and adjudicated defendant guilty of armed robbery, the scoresheet should have been prepared using armed robbery as the primary offense at conviction. Fla.R.Crim.P. 3.701(d)(3). Neither is the judge’s personal view on the lack of credibility of the victim’s testimony a clear and convincing reason for a downward departure where the jury has determined otherwise. When asked at sentencing, trial counsel could not advance any reason to mitigate the sentence. Appellate counsel concedes that no valid reason has been given, and we concur.
The sentence is reversed and the cause is remanded for resentencing in accordance with the guidelines.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.