498 So.2d 1031 (1986)
STATE of Florida, Appellant,
v.
Oscar BAKER, Jr., Appellee.
No. BI-67.
District Court of Appeal of Florida, First District.
December 16, 1986.
*1032 Jim Smith, Atty. Gen. and Henri C. Cawthon, Asst. Atty. Gen., for appellant.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, for appellee.
JOANOS, Judge.
The State appeals from the sentence imposed on Oscar Baker, Jr., for escape and asserts that the trial court erred in under-departing from the guidelines. We agree and reverse. Baker escaped from a work release center and was apprehended shortly thereafter. The sentencing guidelines recommendation for escape was 4 1/2 to 5 1/2 years incarceration. The trial court sentenced Baker to 24 months incarceration, less than half of the range recommended by the guidelines. The trial court supplied the following written reasons for its departure:
(1) Based on the trial court's experience the guidelines seemed excessive for a walk away escape from a work release program,
(2) there was no violence or danger to anyone during the escape.
We find that neither of the trial court's statements regarding departure constitutes a clear and convincing reason warranting mitigation of the sentence.
As to the first reason, "based on the judge's prior experience", though the guidelines aren't meant to usurp all of the judge's discretion, it is improper to depart based on the trial court's perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime. This would undermine the guidelines' goal of establishing uniformity in sentencing. Williams v. State, 492 So.2d 1308 (Fla. 1986).
In the instant case the trial judge implied that defendant's act of escape was not a serious one, warranting 4 1/2 to 5 1/2 years incarceration. In State v. Davis, 464 So.2d 195 (Fla. 3rd DCA 1985), the trial court expressed that defendant's attempted burglary of a car was too insignificant to warrant a year in jail and would warrant at most 90 days in jail. The Third District Court of Appeal ruled that the de minimis nature of the crime was an insufficient basis for deviation from the guidelines. When faced with a judge's similar dissatisfaction with a guidelines recommended sentence, the Florida Supreme Court stated, "In effect this reason reflects a trial judge's disagreement with the sentencing guidelines commission and is not a sufficient reason for departure." Scurry v. State, 489 So.2d 25, 29 (Fla. 1986).
The trial court's second reason for departure, lack of violence or injury is also invalid. In State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985), the Third District Court held that the trial court's reason for downward departure, that there was no violence involved in defendant's crime of possession of cocaine, was invalid as the violence factor had already been contemplated by the guidelines themselves. Caride at 1363. Although a review of the case law reveals that an increasing number of reasons for downward departure are being upheld, i.e., (defendant's mild retardation) State v. Villalovo, 481 So.2d 1303 (Fla. 3d DCA 1986); (the small amount of contraband involved) Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), rev. denied 488 So.2d 830 (Fla. 1986); (defendant's youth) State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986), we agree with the state's position that the circumstance that defendant completed his escape from a work release center without perpetrating violence or injury does not justify a lighter sentence of incarceration by two years, a sentence less than half of what the guidelines recommended. Victim injury is a factor which is scored on the guidelines sheet and was considered properly as a zero in the case at bar.
Accordingly we reverse the sentence and remand the cause to the trial court to resentence *1033 Baker within the recommended range provided by the guidelines.
Reversed and remanded for resentencing.
THOMPSON and NIMMONS, JJ., concur.