500 So.2d 704 (1987)
STATE of Florida, Appellant,
v.
Terrance PETERS, Appellee.
No. BK-152.
District Court of Appeal of Florida, First District.
January 6, 1987.
*705 Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellant.
Forrest B. Johnson, Jacksonville, for appellee.
WENTWORTH, Judge.
The state seeks review of an order by which a sentence was imposed below that recommended by the Fla.R.Crim.P. 3.701 sentencing guidelines. We find that the court's specification of reasons for this departure from the guidelines recommendation is permeated with impermissible considerations, and we therefore vacate appellee's sentence.
In departing from the recommended guidelines sentence the court indicated that appellee's character, habits, mentality, propensities and activities suggest that he is not a risk to the community and is unlikely to commit another crime. However, the court did not provide any further explanation as to these particular attributes. This conclusory statement does not satisfy the requirement of a written specification of objective factual criteria. The court also noted a concern for the social cost of imprisonment; this consideration does not justify a departure from the guidelines recommendation. Cf., State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985). And appellee concedes that his expressions of remorse, as referenced by the court, likewise do not warrant a departure from the guidelines recommendation.
The court stated that appellee's offense involved less victim injury than is characteristic for the crime. But appellee was sentenced for robbery with a deadly weapon, an offense which does not necessitate victim injury. The record does not fully support the court's conclusion, and furthermore victim injury is a factor in the guidelines computations.
The court also referenced appellee's age in connection with his prior record, which is prohibited by State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986).
Because the court's written specification of reasons for departure from the recommended guidelines sentence is permeated with impermissible considerations, and it is not clear beyond a reasonable doubt that the court would have imposed the same sentence in the absence of such invalid considerations, we vacate appellee's sentence and remand the cause for resentencing.
BOOTH, C.J., and ZEHMER, J., concur.