PER CURIAM.
The state appeals the sentence imposed on Gerald Green.
Green was convicted of possession and sale of cocaine. The recommended sentencing guidelines range was five and one-half years to seven years. The trial court departed downward and sentenced Green to four and one-half years. The trial court gave two reasons for departure: first, four years had elapsed between Green’s prison release for prior convictions and commission of the instant offenses; and second, the offenses were not violent crimes involving a firearm.
On appeal the state argues that the reasons for departure are not clear and convincing. We agree and vacate the sentences and remand for resentencing.
The fact that Green did not engage in criminal activity during the four years between his release from prison and commission of the instant offense is not a valid reason for downward departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985); State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985). Green argues that since a court may depart upward when the defendant persists in an escalating cause of criminal conduct, Keys v. State, 500 So.2d 134 (Fla.1986), the court should be allowed to depart downward when the timing and pattern of his offenses show a decrease in criminal activity. However, Florida Rule of Criminal Procedure 3.701(d)(5)(b) indicates that if a person remains conviction free for ten years, not four, his prior record shall not be scored. The fact that these were nonviolent drug offenses committed without a gun is also not a clear and convincing reason upon which to base a downward departure. Hendrix; Caride.
Accordingly, we vacate the sentence and remand for resentencing within the guidelines recommended range.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.