529 So.2d 821 (1988)
The STATE of Florida, Appellant,
v.
Emanuel McMULLEN, Appellee.
No. 87-2875.
District Court of Appeal of Florida, Third District.
August 16, 1988.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before NESBITT, PEARSON, DANIEL S., and JORGENSON, JJ.
NESBITT, Judge.
In this appeal, the state alleges an improper departure from sentencing guidelines. *822 We agree with the state and reverse and remand for proper sentencing within the sentencing guidelines.
The defendant was charged in circuit court Case No. 84-27119 with a) carrying a concealed firearm, b) unlawful possession of a firearm by a convicted felon, and c) resisting an officer without violence. In Case No. 86-7437, he was charged with a) battery of a law enforcement officer (two counts), b) possession of a controlled substance, and c) resisting arrest with violence.
Under the applicable sentencing guidelines, the recommended sentence for both offenses was between seventeen to twenty-two years imprisonment. The defendant entered into a direct plea negotiation with the court under which, in exchange for pleading guilty in both cases as consolidated for sentencing purposes, he was to receive a sentence of seventeen years in the state prison; however, the trial judge offered to reduce the sentence to only 364 days in the county jail upon the condition that the defendant report to jail within two weeks. The defendant reported as agreed. The court then entered a judgment of conviction and sentence which contained the following summarized reasons for departure from the sentencing guidelines:
1. The defendant had no convictions for four years since his prior release from confinement;
2. The state could not meet its burden of proof if subjected to trial in Case No. 84-27119;
3. The offenses charged did not carry or threaten serious physical harm to another;
4. The recommended sentence does not reflect an appropriate sanction in light of the facts of the case; and
5. The prior offenses were committed during the "very early stages of his adult life."
Under the established decisions construing the sentencing guidelines, it is eminently clear that the first three summarized grounds for departing from the guidelines were error. To begin with, the absence of criminal involvement for a period of time is not a valid reason for a sentence departure. State v. Green, 511 So.2d 734 (Fla. 2d DCA 1987); State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985). Indeed, the complete absence of a prior record does not afford such a basis since the absence is already factored into the presumptive sentencing guidelines. Sanders v. State, 510 So.2d 296, 297 (Fla. 1987).
The trial court's second and third grounds for departure are equally invalid. The determination that the state would not be able to meet its burden of proof could only be made after a trial and an acquittal or after the granting of a motion made by the defendant pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Cf. State v. Wright, 473 So.2d 268, 271-72 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986) (mitigation of sentence where the court was not convinced of a defendant's guilt deemed an invalid reason for departure). Neither does reason number three, citing the absence of violence or danger to others, constitute a valid ground for departure, Green, 511 So.2d at 735; State v. Baker, 498 So.2d 1031 (Fla. 1st DCA 1986); Caride, 473 So.2d at 1363, because that factor is already considered in arriving at the presumptive guidelines sentence.
Having determined the first three grounds to be invalid reasons for departure, we are left with reasons four and five. They are best addressed together. Reason four states that the recommended sentence does not reflect an appropriate sanction in light of the facts of the case. The supreme court held in Scott v. State, 508 So.2d 335, 337 (Fla. 1987) that "a trial court's written finding that a recommended guidelines sentence is insufficient may never serve as a reason for departure" unless there is "at least one clear and convincing reason for departure" in which case "such a statement [i.e., that the guidelines sentence is inappropriate] should be considered the trial court's written conclusion that departure is necessary based on the valid reasons given... ." Reason four herein is clearly "an expression of judicial dissatisfaction" with the recommended guidelines *823 sentence. Id. at 337. Therefore, it can only be considered if the sentencing judge stated another clear and convincing reason for departure. Because we have already determined reasons one through three to be invalid, reason four may only be acceptable if reason five is valid. Reason five states that the prior offenses were committed during the defendant's youth. On its face, this reason bears some consideration based on the decision in Williams v. State, 504 So.2d 392 (Fla. 1987). In Williams, the supreme court held that the continuing and persistent pattern of criminal activity and the timing between offenses could be factors in a departure sentence. Id. at 393.
However, by comparison, in this defendant's case, the reason stated by the judge that "the prior offenses occurred at a very early stage of his adult life" is not borne out to be convincing upon a careful look at the record. According to the record, the defendant was born on June 30, 1960. In Case No. 84-27119, he was arrested on November 22, 1984 when he would have been twenty-four years of age. In Case No. 86-7437, he was arrested on March 16, 1986, at which point he was twenty-five years old. In the order being appealed, the trial court stated that the defendant had a previous conviction and confinement which occurred more than four consecutive years before the information filed against him in 1986. A reading of the record indicates that the prior conviction was for more than ten counts of armed robbery plus several other firearm charges. A simple calculation of these data then shows that the defendant was confined for the earlier criminal offenses in or around 1982 when he was already approximately twenty-two years of age. Less than two years after his release from prison on the armed robbery charges, the defendant was arrested on three criminal charges, including carrying a concealed firearm. Less than two years after that second arrest, he was arrested for a third time on felony criminal charges.
It is abundantly clear that the record will only support a conclusion that this defendant did not live in accordance with the minimally acceptable standards of social conduct since he was involved in criminal conduct or was confined for such conduct on three separate occasions within a period of approximately four years. Consequently, the fact that the defendant was a young adult when he committed these crimes, when viewed in the context of this case, is not a clear, convincing or valid reason for departure from the guidelines sentence. State v. Peters, 500 So.2d 704 (Fla. 1st DCA 1987); State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985). It then follows that since there is no valid reason to support the judge's statement that the guidelines sentence does not reflect an appropriate sanction in this case, reason four is not by itself a valid ground for departure. Scott, 508 So.2d at 337.
For the foregoing reasons, the sentence is reversed with directions to afford the defendant the opportunity to withdraw his guilty plea and go to trial. Davis v. State, 308 So.2d 27 (Fla. 1975); State v. Castanedo, 523 So.2d 1253 (Fla. 3d DCA 1988).
Reversed and remanded.