LEVY, Judge.
The State appeals the trial court's downward departure from the sentencing guidelines. We reverse based on our finding that the reason given for the downward departure was insufficient.
The Defendant pled guilty to the charges of attempted burglary of a structure and possession of burglary tools in exchange for the court’s offer of a ten year sentence. The presumptive guidelines sentence for these offenses ranged from twelve to seventeen years. The Defendant was sentenced to ten years (five years as to each count, to be served consecutively) with the trial court noting that, at the time the Defendant appeared for incarceration, the Court would entertain a motion to mitigate the sentence to three years, concurrent, as to each count. The only reason cited by the trial court for the downward departure was the “[rjelative minor charge for this sentence.”
The trial judge’s dissatisfaction with the recommended guideline range is insufficient to support a downward departure from the sentencing guidelines. Scott v. State, 508 So.2d 335 (Fla.1987); Williams v. State, 492 So.2d 1308 (Fla.1986); Scurry v. State, 489 So.2d 25 (Fla.1986); State v. McMullen, 529 So.2d 821 (Fla. 3d DCA 1988).
Accordingly, we reverse and remand with instructions to the trial court to allow the Defendant to either withdraw his plea and go to trial or to be resentenced within the sentencing guidelines. See Davis v. State, 308 So.2d 27 (Fla.1975); State v. McMullen, 529 So.2d 821 (Fla. 3d DCA 1988); State v. Castanedo, 523 So.2d 1253 (Fla. 3d DCA 1988).
Reversed and remanded with instructions.