SCHWARTZ, Chief Judge.
The state appeals from a downward departure sentence of “credit time served” imposed in return for a court-solicited guilty plea. The plea was taken after *777 the prosecution’s principal witness was unable to appear at trial and it could not proceed. On the ground that there was no abuse of discretion in denying the motion to extend the speedy trial time period for exceptional circumstances, see Fla.R. Crim.P. 3.191(f), we reject the state’s first point, which claims otherwise. There was, however, no lawful basis for the downward departure from the sentencing guidelines. That the sentence was imposed as part of a plea bargain in which the prosecution did not participate, State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987); State v. Davis, 464 So.2d 195 (Fla. 3d DCA 1985), or, as the sentencing order states, that “the state’s case [was] in jeopardy” are both legally insufficient. State v. McMullen, 529 So.2d 821 (Fla. 3d DCA 1988); see State v. Wright, 473 So.2d 268 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla.1986); see also State v. Joiner, 498 So.2d 1017 (Fla. 5th DCA 1986). See generally State v. Earl, 545 So.2d 415 (Fla. 3d DCA 1989) (court may not dismiss case because of its perception that it is unworthy of prosecution). Since the plea was obviously proffered in return for the proposed sentence, Soler shall be given an opportunity to withdraw the plea after remand. If he does not, he shall be sentenced within the guidelines.
Affirmed in part, reversed in part and remanded with directions.