LEVY, Judge.
The State appeals a ten cell downward departure sentence in a criminal prosecution for unemployment compensation fraud and grand theft in the second degree. We reverse based upon our finding that the trial court improperly departed from the sentencing guidelines.
In July of 1985, Jerome Singletary, the defendant, was charged with several offenses, not directly related to this action, for which he was subsequently found guilty and sentenced.
In November of 1986, the defendant was charged with another eight counts of unemployment compensation fraud and one count of grand theft in the second degree, all of which were unrelated to the first case. These subsequent charges are the subject of this appeal. At the start of a plea hearing held in this case, the State announced that the sentencing guidelines range for this defendant, based on all of his prior offenses, was “twenty to twenty-seven” years. Noting that the defendant’s prior record included ten (10) robbery convictions, the State offered to negotiate a plea whereby the defendant would receive a twenty-two year prison sentence in return for the defendant’s plea of guilty. During a discussion regarding the possibility of restitution, the defendant informed the court of his previous sentence to nine years in prison and the following discussion ensued:
THE COURT: I don’t understand. When did you get nine years?
THE DEFENDANT: In ’86.
THE COURT: And you’re out?
THE DEFENDANT: Yes, sir.
• THE COURT: If they had known about these cases when they sentenced him, they would have probably added them on.
(Emphasis added).
Thereafter, the defendant accepted a plea offer, of probation with restitution, from the judge and entered a plea of guilty to seven counts of unemployment compensation fraud and a single count of second degree grand theft. The sentencing guidelines scoresheet added up to 358 points, indicating a sentence of between twenty-two and twenty-seven years. However, the judge sentenced the defendant to twelve months probation based upon the condition that the defendant make restitution in accordance with the plea agreement. Under “Reasons for departure” the judge wrote: “not applicable — Before last [unknown].”
*1207 The trial judge appears to have departed from the sentencing guidelines because he mistakenly believed that the defendant had been sentenced to nine years for the prior offenses at a time when the present charges were already pending against him, and that the defendant should have been sentenced for all of the crimes at once. The defendant was sentenced on the prior offenses in August of 1986. The Information in the present case was filed in November of 1987. The later charges were not pending when the defendant was sentenced on the earlier offenses and there is no evidence that the State knew of the crimes that formed the basis of this case either at the time that they charged him with the earlier offenses or at the time that the court sentenced the defendant for those earlier offenses.
Accordingly, we reverse and remand with instructions to the trial court to allow the Defendant to either withdraw his plea and go to trial or to be resentenced within the sentencing guidelines. See Davis v. State, 308 So.2d 27 (Fla.1975); State v. McMullen, 529 So.2d 821 (Fla. 3d DCA 1988); State v. Castanedo, 523 So.2d 1253 (Fla. 3d DCA 1988).
Reversed and remanded with instructions.