SCHOONOVER, Judge.
The state challenges the judgments and sentences imposed upon the appellee, Chuck Moore, after he pled nolo contendere to possession of cocaine and possession of drug paraphernalia. We reverse.
*1236 The appellee agreed to plead nolo conten-dere to possession of cocaine and possession of drug paraphernalia if the trial court would impose specific sentences. In exchange for his plea, the appellee was to receive a sentence of “time served” on the misdemeanor paraphernalia charge and would only be required to serve eleven months in the county jail on the felony charge of possession of cocaine. The state objected to the proposed agreement on the ground that it would result in an improper downward departure sentence. The appellee’s guidelines scoresheet reflected a permitted sentence of four and one-half to nine years incarceration. The trial court, over the state’s objection, accepted the appellee’s plea and sentenced him according to the agreement. The state filed a timely notice of appeal.
Since the appellee’s sentence was a downward departure from his permitted guidelines sentence, in order to be valid, the sentence must be supported by a proper reason for departing. See State v. Morales, 522 So.2d 464 (Fla. 4th DCA 1988). At the appellee’s sentencing hearing, the trial court stated that he was departing from the permitted sentencing range because of the overcrowding in the state prison system. A downward departure sentence based upon overcrowding of prisons is not a valid reason for departure. State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985). We, accordingly, reverse and remand.
Since the appellee agreed to plead to the charges filed against him on the condition that he receive a sentence that we have herein determined to be improper, upon remand, the appellee should be given the opportunity to withdraw his plea and go to trial. Caride.
Reversed and remanded.
RYDER, A.C.J., and THREADGILL, J., concur.