660 So.2d 372 (1995)
STATE of Florida, Appellant,
v.
Salvatore PARISI, Appellee.
No. 94-2175.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant.
Edward M. Kay and Monique Brouchu of Edward M. Kay, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The State of Florida appeals a judgment and sentence imposed on appellee, Salvatore Parisi, which is below the range recommended by the sentencing guidelines. We reverse and remand.
The material facts of this case are as follows. Parisi was charged by an eight-count information in the case at bar with loansharking, conspiracy to commit loansharking, armed kidnapping, conspiracy to commit kidnapping, aggravated battery, aggravated assault, extortion, and possession of a firearm by a convicted felon (Case No. 91-6411-CF10A). Parisi also had a second case pending, in which the parties had made a plea agreement (case no. 94-11293). Each case was being prosecuted by a different state *373 attorney, both of whom attended the plea hearing in case number 94-11293.
At the plea hearing, Parisi's counsel represented to the court that the parties had reached a plea agreement in both cases and that the court could dispose of both cases concurrently. The state attorney in case number 91-6411-CF10A vigorously objected that no agreement had been reached in that case, while the state attorney in case number 94-11293-CF had no objection to Parisi's entering a plea in that case. The trial court recalled that the state had made a plea offer to Parisi at the status conference in case number 91-6411-CF10A. Notwithstanding the state's consistent objections, the court accepted Parisi's "no contest" plea in each case.
Relevant to this appeal is the sentence in case number 91-6411-CF10A. On his sentencing guidelines scoresheet, Parisi scored a total of 299 points, for which the recommended sentence is 12-17 years in prison and the permitted range is 9-22 years in prison. Nevertheless, the trial court sentenced Parisi to two years' community control followed by three years' probation for counts one through three, and to two years' community control followed by ten years' probation for the remaining counts. The court did not enter an order providing written reasons for the downward departure, nor did the state present any valid reasons for the departure.
On appeal, the state argues that it was reversible error to accept Parisi's pleas over the state's objections that the parties had not reached a plea agreement in case number 91-6411-CF10A. We agree. No plea offer or negotiation is binding until the trial court accepts it in open court. Prior to the court's acceptance of the plea, either party may withdraw from the agreement without any necessary justification. Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989); see also Fla.R.Crim.P. 3.172 (1995).
Parisi is correct that the trial court need not state reasons to justify a departure from the sentencing guidelines where there is a negotiated plea agreement which specifies the permissible sentence. Smith v. State, 529 So.2d 1106 (Fla. 1988). However, since we hold that there was no valid plea agreement in this case, Parisi's sentence must be vacated due to the trial court's failure to give written reasons for the departure sentence. State v. Wagner, 595 So.2d 286 (Fla. 4th DCA 1992); State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989). We therefore reverse and remand with directions that Parisi be allowed to withdraw his plea or, in the alternative, that the trial court resentence Parisi within the guidelines.
POLEN and SHAHOOD, JJ., and SORONDO, RODOLFO, Jr., Associate Judge, concur.