702 So.2d 633 (1997)
STATE of Florida,
v.
Raymond Rapheal HEWITT, Appellee.
No. 96-4562.
District Court of Appeal of Florida, First District.
December 23, 1997.
*634 Robert A. Butterworth, Attorney General, Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellant.
Spiro T. Kypreos, Pensacola, for Appellee.
ERVIN, Judge.
The state appeals a final sentencing order which withheld adjudication of guilt and imposed a fine and restitution on appellant Hewitt, who had entered pleas of nolo contendere to the offenses of battery on a law enforcement officer, resisting arrest with violence, and criminal mischief. The state argues first that the trial court, by entering into its own plea agreement with appellant and imposing a downward departure sentence, denied the state its right to try Hewitt on the charges set forth in the information. The state next contends that the sentence is facially illegal for the following reasons: (1) section 784.07, Florida Statutes (1995), prohibits the court from withholding adjudication of guilt, (2) adjudication of guilt cannot be withheld in the absence of a probationary term, (3) a general sentence cannot be imposed for multiple crimes, and (4) a sentence cannot be inflicted in the absence of an adjudication of guilt. We find no basis for reversal under any of the above issues and therefore affirm.
In regard to its first point, the state particularly asserts that it "has the right to appeal when a trial court attempts to preempt the normal judicial process by making an independent deal with the defense." In support thereof it cites State v. Tiedge, 670 So.2d 191 (Fla. 3d DCA 1996); State v. Parisi, 660 So.2d 372 (Fla. 4th DCA 1995); State v. Moore, 630 So.2d 1235 (Fla. 2d DCA 1994); and State v. Bowland, 604 So.2d 556 (Fla. 2d DCA 1992). We do not agree. Neither Florida Rule of Appellate Procedure 9.140(c), nor section 924.07, Florida Statutes (1995), authorizes the state to appeal such an issue. We have no quarrel with the state's contention that the above cases illustrate the state's right to appeal a downward departure sentence exacted by the trial court following a defendant's "straight-up" plea. See also Fla. R.App. P. 9.140(c)(1)(J) & (K) (authorizing the state to appeal from sentences outside the permitted or recommended sentencing ranges). Nevertheless, the state's argument as to this point fails, *635 because the sentence on review does not constitute a downward departure.
The scoresheet in the record reflects that Hewitt scored a total of 35.8 sentence points. Florida Rule of Criminal Procedure 3.702(d)(16), in defining the term "presumptive sentence," provides that a recommended sentence, involving a total score of less than 40 points, shall not be state prison. The rule, however, gives the court discretion to impose an incarcerative disposition by increasing a score of less than 40 by an additional 15 percent.
In the case at bar, the trial court lawfully exercised its discretion not to increase the sentence points beyond 40. The court therefore possessed the flexibility to impose any lawful term of probation, with or without a period of incarceration as a condition of probation, or a county jail term alone, or any nonincarcerative disposition. See Fla. R.Crim. P. 3.702 (1993 committee note to rule 3.702(d)(16)). As a result, the court's decision to withhold adjudication of guilt and require appellant to pay a fine and restitution comports with the recommended sentencing range rather than a departure.
Because the sentence imposed was not a departure, the state has no right to appeal therefrom. We therefore affirm on this point. In so saying, we fail to see how the trial court, by accepting "straight-up" pleas to the offenses charged in the information, which the court is authorized to receive pursuant to the Florida Rules of Criminal Procedure, deprived the state of any right to try appellant on those charges.
In considering the state's second point, we acknowledge that it has the authority to appeal from "unlawful or illegal" sentences under rule 9.140(c)(1)(J). See Amendments to Fla. Rules of App. P., 685 So.2d 773, 776 (Fla.1996). And see State v. McEachern, 700 So.2d 1 (Fla. 5th DCA) (on reh'g) (state may appeal sentences which are unauthorized by statute), quashed on other grounds, 701 So.2d 865 (Fla.1997).
Our task in the case at bar is to decide whether the sentence imposed was unlawful or illegal. If it is illegal, then it constitutes error as a matter of law, which is fundamental error that may be corrected at any time without an objection. See State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995); Judge v. State, 596 So.2d 73, 76-77 & n. 1 (Fla. 2d DCA 1991). If, on the other hand, the sentence is merely "unlawful," which appears to include erroneous sentences correctable on direct appeal, then the question arises as to whether the state was required to preserve the error by timely objection at sentencing or, in the absence of objection, whether the state has asserted the error is fundamental. See Amendments to Fla. Rules of App. P., 685 So.2d at 775 (legislature, by enacting section 924.051(3), Florida Statutes (Supp.1996), could reasonably condition right to appeal upon "the preservation of a prejudicial error or the assertion of a fundamental error").
Substantial confusion has ensued as to what constitutes an "illegal sentence" following the supreme court's decisions in Davis v. State, 661 So.2d 1193 (Fla.1995), and State v. Callaway, 658 So.2d 983 (Fla.1995). Although it is clear that a sentence which exceeds the statutory maximum for the offense is "illegal," it has been suggested that other types of sentences exist which may be erroneous as a matter of law and thus "illegal." See Richardson v. State, 698 So.2d 551, 553 (Fla. 1st DCA) (en banc) (Allen, J., concurring & dissenting) (questioning whether sentence which facially violates the constitution is an "illegal" sentence), appeal dismissed, 700 So.2d 687 (Fla.1997); Jefferson v. State, 677 So.2d 29, 30 (Fla. 1st DCA 1996) (Allen, J., dissenting) (maintaining that simple review of court file should determine whether sentence violated double jeopardy provisions of state and federal constitutions). Certainly, the definition of illegal sentence set forth in Judge, which the supreme court approved in Callaway, leaves room to include sentences which are not authorized by law. Nevertheless, the supreme court has said that sentences which are not authorized by statute are not illegal sentences, although they may be corrected on direct appeal. See King v. State, 681 So.2d 1136 (Fla.1996).
Applying the above principles to the state's arguments as to the second point, we affirm. The state's first argument, which *636 was preserved, is that the sentence is facially illegal, because the court was precluded from withholding adjudication of guilt by virtue of the express language of section 784.07, Florida Statutes (1995). We cannot agree. That portion of section 784.07 which prohibits the court from withholding adjudication of guilt appears in subsection (3), involving use of a firearm or destructive device during the battery on the law enforcement officer. Hewitt was charged with a violation of section 784.07(2)(b), without using any firearm or destructive device. Therefore, the trial court clearly had the authority to withhold adjudication, and the sentence is neither illegal nor unlawful.
As for the remainder of the state's arguments, i.e., that the sentence is facially illegal because (1) adjudication of guilt cannot be withheld in the absence of a probationary term, (2) a general sentence cannot be imposed for multiple crimes, and (3) a sentence may not be imposed in the absence of an adjudication of guilt, we likewise affirm. The state's arguments do not establish under the current case law that the sentence is "illegal," instead they suggest that the sentence is unauthorized by law. As such, the error could be corrected on direct appeal. See King. Nevertheless, the state was required to preserve the prejudicial error by objection below at sentencing or assert on appeal that the error is fundamental, neither of which it has done. Therefore, pursuant to section 924.051(3), Florida Statutes (Supp.1996),[1] as interpreted by the supreme court in Amendments to Florida Rules of Appellate Procedure, 685 So.2d at 775,[2] this court is precluded from reversing the sentence for any of those reasons.[3]
AFFIRMED.
KAHN, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] Section 924.051(3), which became effective after the date the crimes were committed, but prior to sentencing, may be applied in this case. See Neal v. State, 688 So.2d 392 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla.1997).
[2] But see Neal v. State, 688 So.2d 392, 396 (Fla. 1st DCA) (suggesting that fundamental error can be considered even without the parties asserting it), review denied, 698 So.2d 543 (Fla.1997).
[3] The defendant has conceded the court's error in imposing the general sentence. We decline, however, to remand for further sentencing because, as above stated, the state failed to preserve the error below or assert on appeal that the error was fundamental.