*950 WARNER, J.,
concurring specially.
I concur based upon the reasoning of State v. Hewitt, 702 So.2d 633 (Fla. 1st DCA 1997).
The erroneous withholding of adjudication without providing written reasons pursuant to section 775.08435(l)(b), Florida Statutes, creates a judgment unauthorized by law, not necessarily an illegal judgment. See id. at 636. Where the act is only unauthorized, rather than illegal, the state must preserve the issue for appeal by proper objection or assertion on appeal that the error is fundamental. Id. Based upon the analysis of sentencing errors in Maddox v. State, 760 So.2d 89, 100-01 (Fla.2000), it is unlikely that our supreme court would classify the lack of written reasons for a withhold of adjudication and sentence of probation under the statute as a fundamental error. (“[I]n order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence. In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.”) (citation omitted).
It would not seem to be a serious error of constitutional proportion that the trial court failed to take the ministerial step of recording in writing the orally pronounced reasons for withholding adjudication, an act which does not increase the deprivation of liberty of the defendant. Maddox, 760 So.2d at 100 (“[A]n error that improperly extends the defendant’s incarceration or supervision likely would impress us as fundamental.”). The state has not argued that this failure constitutes fundamental error, nor has it argued that the reason orally assigned by the judge for withholding would not comport with the factors set forth in section 921.0026, Florida Statutes.
For these reasons, I concur in the affir-mance of the judgment and sentence.