# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2018.

The Opinion is not final until disposition of any further motion for rehearing and/or motion for rehearing en banc.  Any previously-filed motion for rehearing en banc is deemed moot.

_____

No. 3D15-2876
Consolidated: 3D15-2877
Lower Tribunal Nos. 14-890-A-K & 14-891-A-K

_____

**The State of Florida,**
Appellant,

vs.

**Derek Lang Shine Jr.,**
Appellee.

Appeals from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas and Jonathan Tanoos, Assistant Attorneys General, for appellant.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler and Jeffrey Paul DeSousa, Assistant Public Defenders, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and FERNANDEZ JJ.

SUAREZ, J.

## ON MOTION FOR REHEARING

The  State  of  Florida moves for rehearing  of this Court's  August  23, 2017

opinion. We grant rehearing, withdraw our prior opinion and substitute the following opinion in its stead.

The State of Florida appeals the downward departure sentence imposed upon Defendant Derek Lang Shine on December 22, 2015 in connection with a probation violation.[1] Finding that the trial court failed to provide a valid legal ground for its downward departure, we reverse.

In 2015, Shine was convicted and sentenced to three years of drug offender probation, pursuant to a plea agreement with the State. Later in 2015, Shine violated his probation and the trial court revoked probation and sentenced him to forty (40) months of prison followed by forty (40) months of probation for count one and a concurrent term of forty (40) months prison, followed by a concurrent term of twelve (12) months of probation for count two. The sentence imposed was a downward departure sentence to which the State objected.

---

[1] The State filed two separate appeals in connection with Defendant's sentences which were imposed simultaneously and which were intended to run concurrently. In case number 15-2876 the State appeals the sentence imposed in connection with lower tribunal case number 2014-CF-890 (i. sale of cocaine within 1000 feet of a convenience business on September 4, 2014 and ii. unlawful use of a two-way communications device). In case number 15-2877 the State appeals the sentences imposed in connection with lower tribunal number 2014-CF-891 (i. sale of cocaine within 1000 feet of a convenience business on September 3, 2014 and ii. unlawful use of a two-way communications device). We hereby consolidate Third District case numbers 15-2876 and 15-2877 under case number 15-2876. We note that because both sentences were imposed at the same time and were intended to be served concurrently, there was no necessity for the filing of two separate cases and we encourage the State to appeal simultaneous sentences as a single case in the future.

The trial court's written sentencing order states that the downward departure was based on the fact that "Defendant has been granted a previous downward departure based on a valid uncoerced plea agreement . . . [and] it would be inappropriate, too harsh and contrary to the principles of graduated sanctions to now sentence the Defendant to 73.65 months imprisonment which is the lowest permissible prison sentence, absent a downward departure."

We conclude that the trial court's reasoning does not amount to a valid legal basis for the downward departure sentence imposed. See § 921.0026 Fla. Stat. (2014); State v. Pita, 54 So. 3d 557 (Fla. 3d DCA 2011); State v. Kasten, 775 So. 2d 992 (Fla. 3d DCA 2000); State v. Nolasco, 542 So. 2d 1052 (Fla. 3d DCA 1989). Consequently, we reverse and remand for resentencing within the sentencing guidelines.

Reversed and remanded.