# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-193
Lower Tribunal No. 15-17145
_____

**David Ruiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before SALTER, LINDSEY, and HENDON,[1] JJ.

SALTER, J.

_____

[1] Judge Hendon did not participate in oral argument.

The defendant, David Ruiz, appeals his judgment of conviction and sentences for battery on a law enforcement officer, resisting an officer with violence, and simple battery. We reverse the convictions under Mosely v. State, 842 So. 2d 279, 280-81 (Fla. 3d DCA 2003). We hold that the trial court abused its discretion in curtailing defense counsel's questions of the jury venire about the sole defense theory.[2]

The theory of defense at trial was that the officers used excessive force during Ruiz's arrest. During voir dire, the defense attempted three times to ask the prospective jurors their views about police use of excessive force. Each question was met with an objection by the state. After a side bar on the state's objection to the third question, the trial court ordered defense counsel not to discuss excessive force. This line of questioning ceased.

The trial court's ruling denied the defendant his right to a fair trial and to an impartial jury by restricting questioning of the prospective jurors about the sole defense in the case. Mosely, 842 So. 2d at 280-81. Mosely concluded that "where a juror's attitude about a particular legal doctrine . . . is essential to a determination of whether challenges for cause or peremptory challenges are to be made, it is well settled that the scope of the voir dire properly includes questions about and

---

[2] Additionally, we note the state's concession that the trial court erred in concluding that it lacked discretion to withhold adjudication. The trial court had such discretion, State v. Hewitt, 702 So. 2d 633, 636 (Fla. 1997), and we reverse and remand the sentences for that reason.

2

references to that legal doctrine . . . .” Id. at 281 (quoting Lavado v. State, 469 So. 2d 917, 919-20 (Fla. 3d DCA 1985) (Pearson, J., dissenting) (dissent adopted in Lavado v. State, 492 So. 2d 1322, 1323 (Fla. 1986)).

It is improper to curtail questioning on the theory of defense, even where counsel is permitted to inquire generally. Counsel must be permitted to question the prospective jurors about their willingness and ability to accept the defense's theory. Harrison v. State, 172 So. 3d 1018, 1022 (Fla. 1st DCA 2015). If defense counsel knew nothing else about the prospective jurors, “the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of [excessive use of force].” Lavado v. State, 492 So. 2d 1322, 1323 (Fla. 1986).

Reversed and remanded.