# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-661
_____

JOSEPH WILLIAMS,

    Appellant/Cross-Appellee,

    v.

STATE OF FLORIDA,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

September 25, 2019

KELSEY, J.

Appellant challenges his judgment and sentence for tampering with a witness in the investigation of a first-degree felony punishable by life. The State also appealed, challenging the trial court's imposition of a downward-departure sentence. We consolidated the two appeals for all purposes. The first issue is a purely legal question of statutory interpretation: whether the witness-tampering statute, section 914.22(3) of the Florida Statutes, requires felony-level sentencing if the tampering occurred while a felony was charged and investigated, even if a jury later convicts of a lower-level crime. The second issue is whether the trial court properly imposed a downward-departure sentence. We have carefully considered all of Appellant's arguments, finding them without merit. We write to address

Appellant's incorrect interpretation of the witness-tampering statute, and the trial court's improper downward departure. We affirm Appellant's convictions, and reverse and remand for resentencing on the witness-tampering conviction.

The facts were largely undisputed. Appellant had been in a physical relationship with two women who themselves were in a relationship and wanted to have a baby. An incident occurred in which Appellant entered the first woman's residence, with the second woman also present; then he punched the first woman in the side of the head; and had an altercation with the second woman, including punching her in the face, as she tried to force him out.

The State charged Appellant with two counts of burglary with assault or battery, a first-degree felony punishable by life (later dropping the second burglary charge since there was only one entry). While Appellant was incarcerated before trial, he persuaded a friend to contact the first victim and try to get her to drop the charges. The State then charged Appellant with harassing or tampering with a witness in a first-degree felony investigation.

At trial, Appellant's defense to the burglary charge was that he had permission to enter the first victim's residence. After the jury began deliberations, defense counsel asked the trial court to add jury instructions for lesser-included offenses on the tampering charge in the event the jury concluded that Appellant had not committed a felony. The trial court declined to do so. The jury convicted Appellant of one count of misdemeanor battery, and found him guilty as charged of felony witness tampering.

At sentencing, defense counsel requested a downward departure to reflect that although the witness-tampering charge arose during the investigation or prosecution of a charged felony, the jury had deemed the underlying act a misdemeanor, which the defense argued should relate back to reduce the level of the tampering crime charged. The State disagreed with the defense's statutory analysis, and requested an 86.1-month sentence, which was the bottom of the guidelines. The trial court commented orally that the recommended punishment "doesn't really fit the crime here, because of the issues I raised regarding conflicts in the

2

evidence and the testimony from [the second victim]." The court imposed a downward-departure sentence of three years, with 161 days' credit for time served. The court provided the following written reasons for the downward-departure sentence:

> Based on the evidence presented at trial, as opposed to the evidence alleged in the probable cause affidavit, Defendant should have been charged with Domestic Battery on [first victim]. While there is no statutory basis for departing from the minimum sentence reflected in the sentencing guidelines, the facts of this case do not support the ultimate sentence. Justice would not be served by sentencing this Defendant as though he was properly charged with a Life Felony of Burglary with a Person Assaulted when in fact the underlying facts as found by the Jury supported, at best, a charge of Domestic Battery.

We reject Appellant's argument that the witness-tampering conviction should have been reduced to a misdemeanor to reflect the misdemeanor battery verdict. This argument is contrary to the plain language of the statute, which equates the level of the tampering offense with the level of the crime *charged* during the investigation. We also find that the trial court improperly entered a downward-departure sentence. We address the two issues in turn.

1. Witness-Tampering Statute.

Florida's witness-tampering statute, section 914.22(3), first defines the crime and then sets forth different levels of offense depending on the level of underlying crime being investigated or prosecuted, as follows:

> 914.22   Tampering with or harassing a witness, victim, or informant; penalties.—
>
> (1)   A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

(a) Withhold testimony, or withhold a record, document, or other object, from an official investigation or official proceeding;

(b) Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official investigation or official proceeding;

(c) Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official investigation or an official proceeding;

(d) Be absent from an official proceeding to which such person has been summoned by legal process;

(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; or

(f) Testify untruthfully in an official investigation or an official proceeding,

commits the crime of tampering with a witness, victim, or informant.

(2) Tampering with a witness, victim, or informant is a:

(a) Felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a misdemeanor.

(b) Felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s.775.084, where the official investigation or official proceeding affected

involves the investigation or prosecution of a third degree felony.

(c) Felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a second degree felony.

(d) Felony of the first degree, punishable by a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a first degree felony or a first degree felony punishable by a term of years not exceeding life.

(e) Life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a life or capital felony.

(f) Felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the offense level of the affected official investigation or official proceeding is indeterminable or where the affected official investigation or official proceeding involves a noncriminal investigation or proceeding.

The State charged Appellant with burglary with a battery or assault, which is a first-degree felony punishable by life. § 810.02(2)(a), Fla. Stat. Therefore, the governing provision of section 914.22(3) was subsection (e), making the witness tampering a life felony because "the official investigation or official proceeding affected [the charge of burglary with battery or assault] involves the investigation or prosecution of a life or capital felony." The statute is clear and unambiguous. We are required to construe it according to its plain meaning. *Weber v. Dobbins,* 616 So. 2d 956, 958 (Fla.1993) ("The cardinal rule of statutory construction is that the courts will give a statute its plain and ordinary meaning."). The statute quite plainly sets the punishment for witness tampering according to the level of the offense being investigated or prosecuted. No part of the statute provides for a different result

5

if a defendant is ultimately not convicted of the level of offense being investigated or prosecuted, and we will not inject such a result into the statute.

Appellant argues that the plain meaning of the statute caused an inconsistent verdict, where the jury acquitted Appellant of a felony but convicted him of felony-level witness tampering. This argument fails. As plainly written, the statute defines the offense level of the tampering within the context in which it occurs—during the investigation or prosecution. The crime of witness tampering during investigation or prosecution has the potential to subvert the search for truth. The ultimate conviction or acquittal of the underlying charged crime is independent of the damage tampering can do during investigation and prosecution. Successful witness tampering, if undetected, could result in an improper acquittal or conviction of a lower-level crime. Witness tampering is a crime independent of the crimes being prosecuted, and the ramifications of witness tampering are so fundamental to the search for truth and justice that there is no logical or legal reason the punishment for tampering should depend on the later outcome at trial for the underlying offenses. This does not produce an inconsistent verdict. More to the point, the Legislature did not provide for any such adjustment to the offense level of witness tampering in light of the ultimate verdict, and we are not at liberty to add it to this clear and unambiguous statute.

2. Downward Departure.

The trial court's oral comments and written grounds for entering a downward-departure sentence both indicate that the court disagreed with the guidelines sentence because of his view of the conflicts in the evidence and his view that Appellant should have been charged only with domestic battery. These were invalid reasons for departure, rendering the sentence invalid.

As a general rule, downward departure is discouraged "because the first purpose of sentencing is to punish . . . ." *State v. McKnight,* 35 So. 3d 995, 997 (Fla. 5th DCA 2010). A downward departure sentence is nevertheless permitted if there are "circumstances or factors that reasonably justify the downward departure." § 921.0026(1), Fla. Stat. The statute lists some valid grounds for departure, and trial courts are authorized to depart

6

downward for other legally valid reasons supported by the record. *See State v. Chandler,* 668 So. 2d 1087, 1088 (Fla. 1st DCA 1996) (holding that a single valid reason can support a departure sentence if supported by the record); *State v. Turro,* 724 So. 2d 1216, 1217 (Fla. 3d DCA 1998) (recognizing nonstatutory grounds for departure are permissible if valid and supported by the record).

Confronted with a downward-departure sentence, we analyze three issues: whether the trial court had a valid reason to depart; whether competent, substantial evidence supports the reason; and whether departure is the best sentencing option for the defendant. *See Banks v. State,* 732 So. 2d 1065, 1067 (Fla. 1999). On the facts presented, we need go no further than the first factor, which we review de novo. *See id.*

The trial court here acknowledged that there was no statutory basis to depart from the sentencing guidelines, but nevertheless expressed his view that there were conflicts in the evidence and in the second victim's testimony, and that "the facts of this case do not support the ultimate sentence. Justice would not be served by sentencing this Defendant as though he was properly charged with a Life Felony of Burglary with a Person Assaulted when in fact the underlying facts as found by the Jury supported, at best, a charge of Domestic Battery." As a matter of law, a trial court's personal view of the evidence and a defendant's guilt are not legally valid reasons for a downward departure. *State v. Wright,* 473 So. 2d 268, 271 (Fla. 1st DCA 1985); *see also State v. McMullen,* 529 So. 2d 821, 822 (Fla. 3d DCA 1988) (holding that a trial court's statement that the facts did not support the recommended sentence were mere "judicial dissatisfaction" and legally insufficient grounds to depart); *State v. Joiner,* 498 So. 2d 1017, 1018 (Fla. 5th DCA 1986) (holding a judge's view of victim credibility does not provide a valid reason for departure). Because the trial court failed to articulate a valid legal basis for departure, we reverse the sentence. Although the State requests that resentencing occur before a different judge, we are not aware of any reason or precedent for such a requirement in this context, and decline to impose it.

We affirm Appellant's convictions and judgment, reverse the downward-departure sentence, and remand for resentencing.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS and ROWE, JJ., concur.

—————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————————

Andy Thomas, Public Defender; and John Knowles and David Henson, Assistant Public Defenders, Tallahassee, for Appellant/Cross-Appellee.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.