DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

AUSTIN MATTHEW BROOKS,

Appellant/Cross-Appellee,

v.

STATE OF FLORIDA,

Appellee/Cross-Appellant.

No. 2D22-3753

_____

January 12, 2024

Appeal from the Circuit Court for Hillsborough County; Barbara Twine Thomas, Judge.

Howard L. Dimmig, II, Public Defender and Dane K. Chase, Special Assistant Public Defender, Bartow, for Appellant/Cross-Appellee.

Ashley Moody, Attorney General and Alicia M. Winterkorn, Assistant Attorney General, Tampa, for Appellee/Cross-Appellant.

PER CURIAM.

Austin Brooks appeals his convictions for exploitation of an elderly or disabled adult, fraudulent use of personal information, and money laundering. The State filed a cross-appeal challenging Brooks' downward departure sentence. We affirm Brooks' convictions without discussion. However, we reverse his sentence because the trial court failed to provide a legally valid reason to justify a downward departure.

The lowest permissible sentence for Brooks under the Criminal Punishment Code was 51.52 months in prison. At sentencing, Brooks sought a lesser sentence to make restitution to the victim's family.[1] Brooks also argued that his offenses did not warrant such a harsh penalty and presented an Excel spreadsheet reflecting several other cases where the defendants were similarly charged and the sentences were rarely "over three (3) years in Florida State Prison, despite being in similar circumstances as Mr. Brooks." The State objected to the trial court's reliance on the unauthenticated spreadsheet as a basis for a downward departure. It also pointed out that the charges reflected on the spreadsheet were not the same charges Brooks was convicted of at trial and that Brooks was convicted of multiple counts, unlike the cases cited. The court ruled:

> Although[] the data gathered by defense counsel is not scientific, the Court is aware that this is a property offense. And by comparison, such property offenses are not usually the subject of prison sentences of 51 months. [It] . . . is not the common practice to require 51 months of prison for stealing $20,000. And so the Court does not find that restitution is a basis for downward departure because the victim is deceased and it is inconsistent with what the Court takes to be the interest of the victim as stated by the State. She did not ask for restitution.
>
> The overall circumstances are such that the Court can consider other factors in determining that there is a basis for giving less than the full 51 months of prison, including the equity sentencing analysis as prepared by counsel. So the Court will use that as a basis for determining a downward departure of less than 51 months.
>
> So I specifically find that in comparable situations with

---

[1] The trial court expressly rejected restitution as a basis for a downward departure.

comparable scores and somewhat similar crimes, that history shown by defense counsel does not show that 51 months is used for sentencing. I would state that on the record and make a specific factual finding to make that departure.

The Court will sentence Mr. Brooks to 36 months Florida State Prison, three years minimum mandatory to be followed by two years of probation during which he must pay restitution. If he fails to pay restitution his probation shall not be terminated early. He must pay restitution in the amount of $20,000. If he fails to do so his probation will not be terminated early and will not be terminated successfully.

"The trial court may not impose a sentence below the lowest permissible sentence on a defendant's scoresheet unless there is a valid mitigating circumstance to justify the downward departure." *State v. Saunders*, 322 So. 3d 763, 765 (Fla. 2d DCA 2021) (citing § 921.0026(1), Fla. Stat. (2020)). "The defendant bears the burden of establishing by 'a preponderance of the evidence' that a legal ground for the departure exists and that facts supporting the legal ground have been established." *Id.* at 766 (quoting *Carnes v. State*, 317 So. 3d 281, 284 (Fla. 2d DCA 2021)). "In evaluating a nonstatutory mitigating circumstance, the question the trial court should ask is whether the nonstatutory reasons for downward departure given meet the legislative policy for departing downward." *Rafferty v. State*, 799 So. 2d 243, 248 (Fla. 2d DCA 2001).

Here, the court's articulated basis for departure—"that in comparable situations with comparable scores and somewhat similar crimes, that history shown by defense counsel does not show that 51 months is used for sentencing"—is not a valid basis for departure. *See State v. Cosby*, 313 So. 3d 903, 906 (Fla. 2d DCA 2021) (noting that a downward departure sentence based on cases of similarly situated defendants was not supported by competent, substantial evidence where the record failed to show that the trial court was aware of the particular

3

facts and circumstances surrounding those cases).  As the State correctly argues, Brooks presented no evidence regarding the facts of the alleged "similar" cases that were listed on the spreadsheet, any plea negotiations that occurred, the offender's criminal history, or any other relevant information.  Moreover, "[t]he trial judge's dissatisfaction with the recommended guideline range is insufficient to support a downward departure from the sentencing guidelines."  *State v. Nolasco*, 542 So. 2d 1052, 1052 (Fla. 3d DCA 1989); *see also Cosby*, 313 So. 3d at 907 ("[T]o the extent that the downward departure was imposed based on the trial court's belief that the recommended guidelines sentence was not commensurate with the seriousness of the crime, Florida courts hold that is not a valid reason to depart.").  We therefore reverse Brooks' downward departure sentence and remand for resentencing.

Affirmed in part, reversed in part, and remanded.

KELLY, VILLANTI, and ROTHSTEIN-YOUAKIM, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.